Thomas G. Waller
Alaska Bar No. 0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
(206) 443-3400

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| JOSEPH ABRUSKA, | |
|---|---|
| Plaintiff, | |
| v. | |
| NORTHLAND VESSEL LEASING COMPANY, LLC; NAKNEK BARGE, LLC; NORTHLAND SERVICES, INC., | CASE NO. A04-209 CV (JKS) |
| Defendants. | |

## DECLARATION OF ED HIERSCHE

1. I, Ed Hiersche, was employed in August 2003 by Naknek Barge Lines as General Manager. As General Manager, I was responsible for outfitting the barges and assuring their seaworthiness. I have worked in the marine barge industry for over 25 years.

2. In August 2003, Naknek Barge Lines operated the barge BARANOF TRADER under a bareboat charter from Northland Vessel Leasing Company. Naknek Barge Lines operated and crewed the towing vessel that towed the barge to destinations requested by Northland Services and, while underway, had exclusive navigational control over the barge at sea.

3. Naknek Barge Lines had no offices in Alaska and no personnel based in Alaska other than its tug crews.

4. During loading, unloading and other barge operations in Alaska, the crew of the Naknek Barge Lines tugboat would, if requested by Northland Services, assist Northland in lashing or unlashing the containers aboard the BARANOF TRADER. The Naknek Barge Lines crew was supervised at all times by Northland Services.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 443-9076

DECLARATION OF ED HIERSCHE
Abruska / Northland; No. A04-209 CV (JKS)
- 1 of 2 -

5. The Naknek Barge Lines crews did not create stow plans or stability calculations for the barge or make decisions about the placement of containers aboard the barge. It did not operate the forklifts on the dock or the barge.

6. It was not uncommon for the BARANOF TRADER, like other flat-deck cargo barges operating in Alaska, to have its perimeter guard wires and stanchions damaged during cargo operations or vessel landings. Both Naknek Barge Lines and Northland Services considered damage to the rails and stanchions an item of ordinary maintenance ("wear and tear"). Northland Services had the responsibility to inspect, identify and fix the rails and stanchions if they were damaged during the charter period.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED this 30 day of April 2006, at Seattle, Washington.

_____
Ed Hiersche

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DECLARATION OF ED HIERSCHE
Abruska / Northland; No. A04-209 CV (JKS)
- 2 of 2 -