Thomas G. Waller
Alaska Bar No. 0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
(206) 443-3400

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOSEPH ABRUSKA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHLAND VESSEL LEASING COMPANY, LLC and NAKNEK BARGE, LLC,<br><br>　　　　　Defendants. | CASE NO. A04-209 CV (JKS) |

## ANSWER

COME NOW defendants Northland Vessel Leasing Company LLC and Naknek Barge, LLC and answer the complaint of plaintiff Joseph Abruska:

### General Allegations

1. Deny based on lack of information.
2. Deny based on lack of information.
3. Deny.
4. Admit.

### Jurisdiction

5. Defendants incorporate their answers above.
6. Admit.
7. Admit.
8. Admit.

ANSWER
Abruska / Northland; No. A04-209 CV (JKS)
- 1 of 1 -

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

COPY

Exhibit 1
Page 1 of 17 Pages

9. Admit plaintiff was injured on or about the date stated. The remaining allegations are questions of law for the Court's determination and are therefore denied.

10. Admit plaintiff is making various claims and is alleging the applicability of 33 USC § 905(b). Deny all allegations not specifically admitted.

11. Jurisdictional matters are questions of law for the Court's determination and are therefore denied.

### Cause of Action

12. Defendants incorporate their answers above.

13. Admit.

14. Deny based upon lack of information.

15. Deny.

16. Deny based upon lack of information.

17. Deny based upon lack of information.

18. Deny based upon lack of information.

19. Deny based upon lack of information.

20. Deny.

21. Deny.

### AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER to the complaint and as affirmative defenses thereto, defendants answer and allege:

### FIRST AFFIRMATIVE DEFENSE

Defendants reallege their answers above as an affirmative defense.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

ANSWER
Abruska / Northland; No. A04-209 CV (JKS)
- 2 of 2 -

Exhibit 1
Page 2 of 17 Pages

### THIRD AFFIRMATIVE DEFENSE

One or more of plaintiff's allegations or contentions do not appear to have evidentiary support. To the extent the allegations or contentions prove unfounded, defendants reserve their procedural remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate his damages, if any, and to the extent he has not, his recovery, if any, must be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages, the damages were caused or enhanced by plaintiff's own comparative fault and his recovery should be barred or reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to federal law and the provisions of the Longshore Act, the exclusive remedy available to plaintiff is workers compensation benefits under the Longshore Act, which he has or will receive.

WHEREFORE, having fully answered the complaint, defendants pray for the following:

1. That plaintiff's complaint be dismissed with prejudice and that he take nothing thereby;

2. That defendants be awarded their statutory costs and attorneys' fees from plaintiff;

3. For such other and further relief as this Court deems just.

DATED this 2 day of November, 2004.

BAUER MOYNIHAN & JOHNSON LLP

Thomas G. Waller, Alaska Bar No. 0109052
Attorneys for Defendants

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

1  I declare under penalty of perjury that on November __2__, 2004, I caused to be served
   in the manner indicated below a true and accurate copy of the foregoing document upon the
2  following:

3  Neil T. O'Donnell                     [X] By Mail
   Christopher J. Slottee                [ ] By Hand Delivery
4  Atkinson, Conway & Gagnon,            [ ] By Facsimile
   Inc.                                  [ ] By Air Courier
   420 L Street, Suite 500
5  Anchorage, AK  99501
   Tel: 907.276.1700
6  Fax: 907.272.2082

7
   BAUER MOYNIHAN & JOHNSON LLP
8

9  _____
10 By: Kathy I. Putt

11

12

13

14

15

16

17

18

19

20
ATTORNEYS AT LAW
BAUER       21
MOYNIHAN
& JOHNSON LLP  22
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121  23
(206) 443-3400
FAX (206) 448-9076  24

25

26

ANSWER
Abruska / Northland; No. A04-209 CV (JKS)
- 4 of 4 -

Exhibit __1__
Page _4_ of _17_ Pages

NEIL T. O'DONNELL
CHRISTOPHER J. SLOTTEE
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Joseph Abruska
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
(907) 276-1700

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| JOSEPH ABRUSKA,<br><br>           Plaintiff,<br><br>vs.<br><br>NORTHLAND VESSEL LEASING COMPANY, LLC and NAKNEK BARGE, LLC<br><br>           Defendants. | **COMPLAINT**<br><br>Case No. A04-209 CV (JKS) |

Plaintiff, through his attorneys Atkinson, Conway & Gagnon, allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Joseph Abruska is nineteen years old and is competent to bring this action.

2. At all times relevant hereto, Plaintiff Joseph Abruska was and is a resident of the State of Alaska.

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

Exhibit 1
Page 5 of 17 Pages

3.   Defendant Northland Vessel Leasing Company, LLC is a Delaware limited liability company engaging in business in Alaska.

4.   Defendant Naknek Barge Lines, LLC is a Delaware limited liability company engaging in business in Alaska.

## JURISDICTION

5.   Plaintiff realleges and incorporates by reference paragraphs 1 – 4 of the Complaint.

6.   At all times relevant hereto, Defendant Northland Vessel Leasing Company, LLC owned the freight barge BARANOF TRADER.

7.   At all times relevant hereto, Defendant Naknek Barge Lines, LLC chartered the BARANOF TRADER such that it was the owner pro hac vice of the BARANOF TRADER.

8.   At all times relevant hereto, Plaintiff Joseph Abruska was employed by Northland Services, Inc. to unload the BARANOF TRADER.

9.   On August 24, 2003, Plaintiff Joseph Abruska was injured on the navigable waters of the United States while engaging in a traditional maritime activity.

10.   This action is brought pursuant to 33 U.S.C. § 905(b) of the Longshoreman and Harbor Workers' Compensation Act against Northland Vessel Leasing Company, LLC as owner of the BARANOF TRADER and Naknek Barge, LLC as the owner pro hac vice of the BARANOF TRADER.

11.   This is an action within the Court's admiralty and maritime jurisdiction. The jurisdiction of this Court arises under and by virtue of the admiralty and

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

COMPLAINT
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-_____
Page 2 of 4
72621/7407.1

Exhibit 1  Page 6 of 17 Pages

maritime jurisdiction of 28 U.S.C. § 1333(1) and this is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

## CAUSE OF ACTION

12. Plaintiff realleges and incorporates by reference paragraphs 1 – 11 of the Complaint.

13. On August 24, 2003, during the course of unloading the BARANOF TRADER in Naknek, Alaska, plaintiff Joseph Abruska was working on the BARANOF TRADER.

14. There were two parallel cables running the circumference of the BARANOF TRADER.

15. United States Coast Guard regulations governing the BARANOF TRADER required three parallel cables to run the circumference of the BARANOF TRADER.

16. Plaintiff Joseph Abruska was engaged in shackling operations when the BARANOF TRADER moved, causing Plaintiff Joseph Abruska to lose his balance and fall between the two cables running the circumference of the BARANOF TRADER.

17. When Plaintiff Joseph Abruska fell between the cables, he managed to grab the lower cable and hang from the cable.

18. After Plaintiff Joseph Abruska had grabbed the lower cable, the BARANOF TRADER moved back against the dock, crushing Plaintiff Joseph Abruska between the dock and the BARANOF TRADER.

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

COMPLAINT
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-_____
Page 3 of 4
72621/7407.1

Exhibit 1
Page 7 of 17 Pages

19. As a result of being crushed between the dock and the BARANOF TRADER, Plaintiff Joseph Abruska suffered severe injuries, including a displaced right femur fracture, multiple pelvic fractures, a sacral fracture, and derivative neurological injuries.

20. Plaintiff Joseph Abruska would not have fallen over the side of the BARANOF TRADER had the vessel utilized safe and proper railings.

21. Plaintiff Joseph Abruska's injuries were caused by the negligent conduct of Defendant Northland Vessel Leasing Company, LLC and/or Defendant Naknek Barge Lines, LLC, in using and furnishing unsafe and improper railings.

**WHEREFORE,**

Plaintiff requests that judgment be entered against Defendants, jointly and severally, for

1. Damages in an amount to be determined at trial;
2. Interest, prejudgment and post-judgment, and
3. Costs and attorney fees.

DATED this 14th day of September, 2004.

ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Abruska

By_____
Christopher J. Slottee
ABA # 0211055

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

COMPLAINT
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-_____
Page 4 of 4
72621/7407.1

Exhibit 1  Page 8 of 17 Pages

RECEIVED BY MAIL
OCT 27 2005
ATKINSON, CONWAY & GAGNON, INC.

Thomas G. Waller
Alaska Bar No. 0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
(206) 443-3400

Attorneys for Defendants

COURTESY COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOSEPH ABRUSKA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NORTHLAND VESSEL LEASING COMPANY, LLC and NAKNEK BARGE, LLC,<br><br>　　　　Defendants. | CASE NO. A04-209 CV (JKS) |

ANSWER

COME NOW defendant Northland Services, Inc. and answers the Amended Complaint of plaintiff Joseph Abruska:

### General Allegations

1.　Deny based on lack of information.
2.　Deny based on lack of information.
3.　Deny based on lack of information.
4.　Deny based on lack of information.
5.　Admit.

### Jurisdiction

6.　Defendant Northland Services incorporates its answers above.
7.　Deny based on lack of information.
8.　Deny based on lack of information.
9.　Admit.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

10. Admit plaintiff was employed by defendant Northland Services. Deny all allegations not specifically admitted.

11. Admit plaintiff alleges he was injured while working as a longshoreman for defendant Northland Services. Deny all allegations not specifically admitted.

12. Admit plaintiff is making various claims and is alleging the applicability of 33 USC § 905(b). Deny all allegations not specifically admitted.

13. Jurisdictional matters are questions of law for the Court's determination and are therefore denied.

## Cause of Action

14. Defendant Northland Services incorporates its answers above.

15. Admit plaintiff was working aboard the barge on August 24, 2003. Deny all allegations not specifically admitted.

16. Deny there were two parallel cables running the entire perimeter of the barge. Deny all allegations not specifically admitted.

17. Deny.

18. Deny.

19. Deny based upon lack of information.

20. Deny based upon lack of information.

21. Deny based upon lack of information.

22. Deny based on lack of information.

23. Deny.

24. Deny.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER to the complaint and as affirmative defenses thereto, defendant Northland Services answers and alleges:

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

### FIRST AFFIRMATIVE DEFENSE

Defendant Northland Services realleges its answers above as an affirmative defense.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

One or more of plaintiff's allegations or contentions do not appear to have evidentiary support. To the extent the allegations or contentions prove unfounded, defendant Northland Services reserves its procedural remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate his damages, if any, and to the extent he has not, his recovery, if any, must be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages, the damages were caused or enhanced by plaintiff's own comparative fault and his recovery should be barred or reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to federal law and the provisions of the Longshore Act, the exclusive remedy available to plaintiff is workers compensation benefits under the Longshore Act, which he has or will receive.

WHEREFORE, having fully answered the complaint, defendant Northland Services prays for the following:

1.  That plaintiff's complaint be dismissed with prejudice and that he take nothing thereby;

2.  That defendant be awarded its statutory costs and attorneys' fees from plaintiff;

3.  For such other and further relief as this Court deems just.

//
//

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

ANSWER
Abruska / Northland; No. A04-209 CV (JKS)
- 3 of 4 -

Exhibit 1
Page 11 of 17 Pages

DATED this 24 day of October, 2005.

BAUER MOYNIHAN & JOHNSON LLP

_/s/ TGWaller_
Thomas G. Waller, Alaska Bar No. 0109052
Attorneys for Defendants

I declare under penalty of perjury that on October 24, 2005, I caused to be served in the manner indicated below a true and accurate copy of the foregoing document upon the following:

Neil T. O'Donnell
Christopher J. Slottee
Atkinson, Conway & Gagnon, Inc.
420 L Street, Suite 500
Anchorage, AK 99501
Tel: 907.276.1700
Fax: 907.272.2082

[X] By Mail
[ ] By Hand Delivery
[X] By Facsimile
[ ] By Air Courier

BAUER MOYNIHAN & JOHNSON LLP

_/s/ Jason Nelson_
By: Jason Nelson
ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

ANSWER
Abruska / Northland; No. A04-209 CV (JKS)
- 4 of 4 -

Exhibit 1
Page 12 of 17 Pages

NEIL T. O'DONNELL
CHRISTOPHER J. SLOTTEE
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Joseph Abruska
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
(907) 276-1700

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| JOSEPH ABRUSKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED COMPLAINT** |
| vs. ) | |
| ) | |
| NORTHLAND VESSEL LEASING ) | |
| COMPANY, LLC and NAKNEK ) | |
| BARGE, LLC ) | Case No. A04-209 CV (JKS) |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, by and through his attorneys Atkinson, Conway & Gagnon, allege as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Joseph Abruska is nineteen years old and is competent to bring this action.

2. At all times relevant hereto, Plaintiff Joseph Abruska was and is a resident of the State of Alaska.

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

Exhibit 1
Page 13 of 17 Pages

3. Defendant Northland Vessel Leasing Company, LLC is a Delaware limited liability company engaging in business in Alaska.

4. Defendant Naknek Barge Lines, LLC is a Delaware limited liability company engaging in business in Alaska.

5. Defendant Northland Services, Inc. is a Washington corporation engaging in business in Alaska.

## JURISDICTION

6. Plaintiff realleges and incorporates by reference paragraphs 1 – 5 of the Complaint.

7. At all times relevant hereto, Defendant Northland Vessel Leasing Company, LLC owned the freight barge BARANOF TRADER.

8. At all times relevant hereto, Defendant Naknek Barge Lines, LLC chartered the BARANOF TRADER such that it was the owner pro hac vice of the BARANOF TRADER.

9. At all times relevant hereto, Defendant Northland Services, Inc. was the time charterer of the BARANOFF TRADER.

10. At all times relevant hereto, Plaintiff Joseph Abruska was employed by Defendant Northland Services, Inc. to unload the BARANOF TRADER.

11. On August 24, 2003, Plaintiff Joseph Abruska was injured on the navigable waters of the United States while engaging in a traditional maritime activity.

12. This action is brought pursuant to 33 U.S.C. § 905(b) of the Longshoreman and Harbor Workers' Compensation Act against Northland Vessel

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

Amended Complaint
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-209 CV (JKS)
Page 2 of 5
80347/7407.1

Exhibit 1
Page 14 of 17 Pages

Leasing Company, LLC as owner of the BARANOF TRADER, Naknek Barge, LLC as the owner pro hac vice of the BARANOF TRADER, and Northland Services, Inc. as time charterer of the BARANOFF TRADER.

13. This is an action within the Court's admiralty and maritime jurisdiction. The jurisdiction of this Court arises under and by virtue of the admiralty and maritime jurisdiction of 28 U.S.C. § 1333(1) and this is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

## CAUSE OF ACTION

14. Plaintiff realleges and incorporates by reference paragraphs 1 – 13 of the Complaint.

15. On August 24, 2003, during the course of unloading the BARANOF TRADER in Naknek, Alaska, plaintiff Joseph Abruska was working on the BARANOF TRADER.

16. There were two parallel cables running the circumference of the BARANOF TRADER.

17. United States Coast Guard regulations governing the BARANOF TRADER required three parallel cables to run the circumference of the BARANOF TRADER.

18. Furthermore, the cables in the area of Plaintiff Joseph Abruska's accident were loose and/or negligently maintained.

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

Amended Complaint
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-209 CV (JKS)
Page 3 of 5
80347/7407.1

Exhibit  1
Page 15 of 17 Pages

19. Plaintiff Joseph Abruska was engaged in shackling operations when the BARANOF TRADER moved, causing Plaintiff Joseph Abruska to lose his balance and fall between the two cables running the circumference of the BARANOF TRADER.

20. When Plaintiff Joseph Abruska fell between the cables, he managed to grab the lower cable and hang from the cable.

21. After Plaintiff Joseph Abruska had grabbed the lower cable, the BARANOF TRADER moved back against the dock, crushing Plaintiff Joseph Abruska between the dock and the BARANOF TRADER.

22. As a result of being crushed between the dock and the BARANOF TRADER, Plaintiff Joseph Abruska suffered severe injuries, including a displaced right femur fracture, multiple pelvic fractures, a sacral fracture, and derivative neurological injuries.

23. Plaintiff Joseph Abruska would not have fallen over the side of the BARANOF TRADER had the vessel utilized and/or maintained safe and proper railings.

24. Plaintiff Joseph Abruska's injuries were caused by the negligent conduct of Defendant Northland Vessel Leasing Company, LLC and/or Defendant Naknek Barge Lines, LLC, and/or Defendant Northland Services, Inc. in using, furnishing, and maintaining unsafe and improper railings.

**WHEREFORE,**

Plaintiff requests that judgment be entered against Defendants, jointly and severally, for

1. Damages in an amount to be determined at trial;

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

Amended Complaint
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-209 CV (JKS)
Page 4 of 5
80347/7407.1

Exhibit 1
Page 16 of 17 Pages

2. Interest, prejudgment and post-judgment, and

3. Costs and attorney fees.

DATED this 21st day of September, 2005.

ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Abruska

By_____
Christopher J. Slottee
ABA # 0211055

LAW OFFICES
ATKINSON, CONWAY
& GAGNON, INC.
420 L STREET
SUITE 500
ANCHORAGE, ALASKA
99501-1989
TELEPHONE 276-1700
FACSIMILE 272-2082

Amended Complaint
*Abruska v. Northland Vessel Leasing Company, LLC, et. al.*; Case No. A04-209 CV (JKS)
Page 5 of 5
80347/7407.1

Exhibit 1
Page 17 of 17 Pages