# BAUER MOYNIHAN & JOHNSON LLP

—— Attorneys at Law ——

2101 Fourth Avenue, Suite 2400, Seattle, Washington 98121   Main Phone 206.443.3400   Facsimile 206.448.9076

April 18, 2006

Christopher J. Slottee
Atkinson, Conway & Gagnon, Inc.
420 L Street, Suite 500
Anchorage, Alaska 99501

Re:   *Abruska vs. Northland Vessel Leasing; Naknek Barge Lines*

Dear Chris,

We have received, reviewed and offer the following response to your often-inaccurate letter of April 3.

Firstly, your claim to piercing the corporate veil is equally groundless and untimely. Fed.R.Civ.P. 8 requires a complaint to set forth a short and plain statement ("fair notice") of all claims -- and grounds for said claims -- that demonstrate the pleader's entitlement to relief. A complaint is inadequate if it fails to a) provide notice of circumstances giving rise to the claim, or b) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that those elements exist. Mr. Abruska has never alleged or made claim for corporate veil-piercing or breach. The time for amending the pleadings has passed.

Secondly, Northland Vessel Leasing had no offices, operations or personnel in Alaska at any time. Any allegation or claim of "sharing equipment, employees or offices" with other defendants would have no basis in fact and would promptly be met by a Rule 11 motion and sanctions. Likewise, the email addresses of personnel employed by Northland Holdings -- a non-party to the pending litigation -- have no relevance to the pending lawsuit. Any such allegation or claim to the contrary is without merit.

Thirdly, your comments about agency theory are wide of the mark. Northland Services, Inc. is not and has never been, as you contend, a limited liability company. It was and always has been a corporation. Defendants have otherwise been, at all times relevant, organized and operated as separate, valid and distinct business entities. Their assets and liabilities were separately maintained, though one or more defendants may have been affiliated through ownership. As noted above, Mr. Abruska neither alleged in his pleadings nor elsewhere any breach by any of the defense entities corporate formalities, corporate disregard or corporate misuse.

EXHIBIT 3   PG 1-2

Direct Line: 206.905.3232   E-mail: tgwaller@bmjlaw.com

Christopher J. Slottee
April 18, 2006
Page 2

Fourthly, Articles of Incorporation or Certificates of Formation for any of the companies are public records. To the extent you believe them relevant, you may easily secure them from the appropriate state agencies.

Fifthly, there was nobody employed by Northland Vessel Services (in Alaska or otherwise) who had "notice of the loose wire," as you have speculated. If you had a legitimate belief about such a claim, you could have noted 30(b)(6) depositions at any time of representatives of Northland Services, Naknek Barge Lines or Northland Vessel Leasing. Frankly, you should reassure yourself that no such efforts were wasted.

For now, please let us know if your recent claim for corporate veil piercing has any evidentiary support whatsoever. Our files contain nothing of the sort. Also, please let me know whether I might obtain for you -- without burdening or harassing defendants -- information that may help you confirm what is set forth above.

Very truly yours,

Bauer Moynihan & Johnson LLP

Thomas G. Waller

EXHIBIT 3 PG 2-2