Thomas G. Waller
Alaska Bar No. 0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
(206) 443-3400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

JOSEPH ABRUSKA,

           Plaintiff,

    v.

NORTHLAND VESSEL LEASING COMPANY,
LLC and NAKNEK BARGE, LLC,

           Defendants.

CASE NO. A04-209 CV (JKS)

<u>SUPPLEMENTAL RESPONSES OF NORTHLAND VESSEL LEASING COMPANY
TO PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES DATED
AUGUST 31, 2005</u>

TO:    Plaintiff, above-named; and

TO:    His attorneys Neil T. O'Donnell, Christopher J. Slottee and Atkinson, Conway & Gagnon

Defendant Northland Vessel Leasing Company supplements its prior discovery responses.

DATED this _22_ day of May, 2006.

BAUER MOYNIHAN & JOHNSON LLP

Thomas G. Waller, AKB No. 0109052
Attorneys for Defendants

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S DISCOVERY REQUESTS OF AUGUST 31, 2005
Abruska / Northland; No. A04-209 CV (JKS)
- 1 of 2-

EXHIBIT  4  PG 1-77

1  I declare under penalty of perjury that on May __22__, 2006, I caused to be served in the manner indicated below a true and accurate copy of the foregoing document upon the following:

2

3  Neil T. O'Donnell                    [✓] By Mail
   Christopher J. Slottee               [ ] By Hand Delivery
   Atkinson, Conway & Gagnon, Inc.      [✓] By Facsimile
   420 L Street, Suite 500              [ ] By Air Courier
4  Anchorage, AK  99501
   Tel:  907.276.1700
5  Fax:  907.272.2082

6
   BAUER MOYNIHAN & JOHNSON LLP
7

8  ~Suya Edwards~ (signature)

9  By: Suya Edwards

10

11

12

13

14

15

16

17

18

19

20

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121

(206) 443-3400
FAX (206) 448-9076

21

22

23

24

25

26

DEFENDANT'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S DISCOVERY REQUESTS OF AUGUST 31, 2005
Abruska / Northland; No. A04-209 CV (JKS)
- 2 of 2-

EXHIBIT __4__ PG _2-77_

## Supplemental Responses
## Requests for Production to Northland Vessel Leasing Company, LLC

Request for Production No. 1:  Articles of incorporation, articles of organization and/or certificate of incorporation.

*Without waiver of objection(s), see attached Certificate.*

Request for Production No. 2:  Amendments to articles of incorporation, articles of organization and/or certificate of incorporation.

*Without waiver of objection, see Response to RFP No. 1.*

Request for Production No. 3:  Operating agreements, bylaws and/or limited liability company agreements.

*Without waiver of objection(s), see attached by-laws.*

Request for Production No. 4:  Amendments to operating agreements, bylaws and/or limited liability company agreements.

*Without waiver of objection(s), see Response to No. 3.*

Request for Production No. 5:  Any document listing the names of your members and/or stockholders for year 2003.

*Without waiver of objection(s), Northland Vessel Leasing had no managers or stockholders involved in vessel operations or ever working aboard any of its barges or having any involvement in the subject incident.*

Request for Production No. 6:  Any document listing the names of your managers, officers and/or board of directors for 2003.

*Without waiver of objection(s), Northland Vessel Leasing had no managers or stockholders involved in vessel operations or ever working aboard any of its barges or having any involvement in the subject incident.*

Request for Production No. 7:  All minutes of meetings of board of directors, officers, managers, stockholders, and/or members held in 2003.

*OBJECTION.  The documents requested contain confidential information and are not reasonably calculated to lead to the discovery of admissible information.*

1

EXHIBIT  _4_  PG 3 _-77_

Request for Production No. 8:  Any document listing the names and job titles of all employees of Northland Vessel Leasing in 2003.

*Without waiver of objection(s), Northland Vessel Leasing has no employees.*

Request for Production No. 9:  Any document listing names and job titles of all officers, directors and/or managers of Northland Vessel Leasing in 2003.

*Without waiver of objection(s), see Response to No. 6, above.*

Request for Production No. 10:  Any financial statements for years 2003, 2004 and 2005.

*OBJECTION.  The documents requested contain confidential information and are not reasonably calculated to lead to the discovery of admissible information.*

Request for Production No. 11:  Any document describing and/or listing any financial contribution made to Northland Vessel Leasing by any member, manager, officer and/or director in past 3 years.

*OBJECTION.  The documents requested contain confidential information and are not reasonably calculated to lead to the discovery of admissible information.*

Request for Production No. 12:  Northland Vessel Leasing's corporate book for years 2003, 2004 and 2005.

*Without waiver of objection(s), see documents produced above.*

Request for Production No. 13:  Any document relating to formation of Northland Vessel Leasing.

*Without waiver of objection(s), see No 1, above.*

Request for Production No. 14:  Any document relating to formation of Northland Services.

*Without waiver of objection(s), the request for Northland Services formational documents is not properly directed to Northland Vessel Leasing, a separate and distinct business entity that is not a parent or subsidiary of Northland Vessel Leasing.*

Request for Production No. 15:  Any documents relating to the formation of Northland Holdings.

*Without waiver of objection(s), see certificate attached.*

2

EXHIBIT _4_ PG _4-77_

Request for Production No. 16:  Any documents relating to the purchase of any stock, securities, or other interest in Northland Vessel Leasing by Northland Services or Northland Holdings.

>*Without waiver of objection(s), see documents produced above.*

Request for Production No. 17:  Any documents relating to the purchase of the freight barge BARANOF TRADER.

>*Without waiver of objection(s), original purchase documents have not been located.  See Certificate of Inspection and others barge documents produced in earlier discovery.*

Request for Production No. 18:  Any documents relating to purchase of stock, securities or any other interest in Northland Services by Northland Vessel Leasing or Northland Holdings.

>*Without waiver of objection(s), Northland Vessel Leasing has no documents responsive to this request.*

Request for Production No. 19:  Any insurance policies under which Northland Vessel Leasing and Northland Services are joint insureds, including but not limited to (a) auto policies; (b) property loss properties; (c) umbrella policies and (d) general liability policies.

>*Without waiver of objection(s), relevant insurance information has previously been disclosed.*

Request for Production No. 20:  Any insurance policies under which Northland Vessel Leasing and Northland Holdings are joint insureds, including but not limited to (a) auto policies; (b) property loss properties; (c) umbrella policies and (d) general liability policies.

>*Without waiver of objection(s), relevant insurance information has previously been disclosed.*

Request for Production No. 21:  Any insurance policies under which Northland Vessel Leasing and Naknek Barge Lines are joint insureds, including but not limited to (a) auto policies; (b) property loss properties; (c) umbrella policies and (d) general liability policies.

>*Without waiver of objection(s), relevant insurance information has previously been disclosed.*

EXHIBIT  4  PG 5-99

Request for Production No. 22: All orders, reports, memos, instructions or correspondence sent by any officer, director, manager, member or employee of Northland Services to any officer, director, manager, member or employee of Northland Vessel Leasing re: BARANOF TRADER.

> *Without waiver of objection(s), relevant communications have previously been disclosed.*

Request for Production No. 23: All orders, reports, memos, instructions or correspondence sent by any officer, director, manager, member or employee of Northland Vessel Leasing to any officer, director, manager, member or employee of Northland Services re: BARANOF TRADER.

> *Without waiver of objection(s), relevant communications have previously been disclosed.*

Request for Production No. 24: All orders, reports, memos, instructions or correspondence sent by any officer, director, manager, member or employee of Northland Services to any officer, director, manager, member or employee of Naknek Barge Lines re: BARANOF TRADER.

> *Without waiver of objection(s), communications between Northland Services and Naknek Barge personnel are not properly directed to Northland Vessel Leasing.*

Request for Production No. 25: All orders, reports, memos, instructions or correspondence sent by any officer, director, manager, member or employee of Naknek Barge Lines to any officer, director, manager, member or employee of Northland Services re: BARANOF TRADER.

> *Without waiver of objection(s), Northland Vessel Leasing has no information about communications between Northland Services and Naknek Barge Lines.*

Request for Production No. 26: All documents relating to the purchase of Northland Services by its management team and founding owners.

> *Without waiver of objection(s), the information requested is not properly directed to Northland Vessel Leasing Company.*

Request for Production No. 27: Any document listing the addresses of all offices used by Northland Vessel Leasing.

> *Without waiver of objection(s), see documents attached.*

EXHIBIT  4  PG 6-77

4

Request for Production No. 28: Any documents listing the addresses of all offices used by Northland Services.

> *Without waiver of objection(s), the information requested is not properly directed to Northland Vessel Leasing Company.*

Request for Production No. 29: Any report filed with the Sec. of State of the State of Washington within the past three years.

> *Without waiver of objection(s), see attached.*

Request for Production No. 30: Any report filed with the Division of Corporations of State of Delaware within the past three years.

> *Without waiver of objection(s), see documents produced above.*

Request for Production No. 31: Any report filed with the Department of Commerce of State of Alaska within the past three years.

> *Without waiver of objection(s), see attached.*

EXHIBIT __4__ PG _7-11_

**Supplemental Responses**
**Interrogatories to Northland Vessel Leasing Company, LLC**

Interrogatory No. 1: Names, job titles, addresses, phone numbers and dates of employment for every person employed by both Northland Vessel Leasing and Northland Services in August 2003.

*Without waiver of objection(s), Northland Vessel Leasing had no employees.*

Interrogatory No. 2: All persons and/or entities and percentage of ownership who were stockholders and/or members of both Northland Vessel Leasing and Northland Services in August 2003.

*Without waiver of objection(s), see documents produced above.*

Interrogatory No. 3: Names, job titles, addresses, phone numbers and dates of employment for every person employed by both Northland Vessel Leasing and Naknek Barge Lines in August 2003.

*Without waiver of objection(s), Northland Vessel Leasing had no employees.*

Interrogatory No. 4: All persons and/or entities and percentage of ownership who were stockholders and/or members of both Northland Vessel Leasing and Naknek Barge Lines in August 2003.

*Without waiver of objection(s), three was no common ownership.*

Interrogatory No. 5: Names, job titles, addresses, phone numbers and dates of employment for every person employed by Northland Vessel Leasing in August 2003.

*Without waiver of objection(s), Northland Vessel Leasing had no employees.*

Interrogatory No. 6: Names, job titles, addresses, phone numbers and dates of employment for every person employed by Northland Services in August 2003.

*Without waiver of objection(s), Northland Vessel Leasing does not have employee data for Northland Services.*

Interrogatory No. 7: Names and percentages of ownership of all persons and/or entities who were shareholders and/or members of Northland Vessel Leasing in August 2003.

*Without waiver of objection(s), see documents produced above.*

EXHIBIT  4  PG 8-77

Interrogatory No. 8: Names and percentages of ownership of all persons and/or entities currently shareholders and/or members of Northland Vessel Leasing.

*Without waiver of objection(s), current ownership information is not reasonably calculated to lead to the discovery of admissible evidence.*

Interrogatory No. 9: If any officer, director, manager or employee of Northland Vessel Leasing ever received any salary, fee or other compensation from Northland Services while working for Northland Vessel Leasing, state the name and address of each person, the reason for the compensation and the date the compensation was paid.

*Without waiver of objection(s), Northland Vessel Leasing is not aware of any such payments.*

Interrogatory No. 10: If any officer, director, manager or employee of Northland Services ever received any salary, fee or other compensation from Northland Vessel Leasing while working for Northland Services, state the name and address of each person, the reason for the compensation and the date the compensation was paid.

*Without waiver of objection(s), Northland Vessel Leasing is not aware of any such payments.*

Interrogatory No. 11: State the names of persons and/or entities that formed Northland Vessel Leasing.

*Without waiver of objection(s), see documents produced above.*

Interrogatory No. 12: State the names of persons and/or entities that formed Northland Services.

*Without waiver of objection(s), Northland Services formational information is not information properly requested of Northland Vessel Leasing.*

Interrogatory No. 13: List names and percentages of ownership of all individuals and/or entities who are currently shareholders and/or members of Northland Services.

*Without waiver of objection(s), Northland Services ownership information is not information properly requested of Northland Vessel Leasing.*

Interrogatory No. 14: List names and percentages of ownership of all individuals and/or entities who were shareholders and/or members of Northland Services in August 2003.

*Without waiver of objection(s), Northland Services ownership information is not information properly requested of Northland Vessel Leasing.*

EXHIBIT _4_ PG _9-77_

Interrogatory No. 15: Names, job titles, addresses, phone numbers and dates of employment of all employees of Northland Services in August 2003.

> *Without waiver of objection(s), Northland Services employee information is not information properly requested of Northland Vessel Leasing.*

Interrogatory No. 16: If Northland Vessel Leasing has ever used for its own benefit property owned by Northland Holdings, Northland Services or Naknek Barge Lines, state the date, time of use, type of property used, amount paid for the property and purpose of use (incl. machinery, raw material, money, employees, or any other asset owned, leased, held or employed by Northland Holdings, Northland Services or Naknek Barge Lines).

> *Without waiver of objection(s), no such usage is believed to have occurred.*

Interrogatory No. 17: If Northland Vessel Leasing has ever had a common bank account with Northland Holdings, Northland Services or Naknek Barge Lines, list type, location and purpose of the common bank account.

> *Northland Vessel Leasing has never shared a common bank account with other entities.*

EXHIBIT _4_ PG _10-77_

RESPONSE TO
REQUEST FOR PRODUCTION NO. 1

EXHIBIT __4__ PG _11-22_

*State of Delaware*

PAGE 1

## Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "NORTHLAND VESSEL LEASING COMPANY", FILED IN THIS OFFICE ON THE NINETEENTH DAY OF APRIL, A.D. 2000, AT 2:30 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



*Edward J. Freel, Secretary of State*

3215295  8100

001200791

AUTHENTICATION:    0393218

DATE:    04-20-00

EXHIBIT __4__ PG _12-77_

# CERTIFICATE OF INCORPORATION
## OF
## NORTHLAND VESSEL LEASING COMPANY

### a Delaware corporation

FIRST.    The name of the corporation is Northland Vessel Leasing Company (hereinafter the "Corporation").

SECOND.    The address of the Corporation's registered office in the State of Delaware is 1209 Orange Street, Wilmington, Delaware 19801. The name of its registered agent at such address is The Corporation Trust Company. (New Castle County)

THIRD.    The nature of the business of or purpose to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (the "General Corporation Law"), including the ownership of vessels documented under the laws of the United States.

FOURTH.    The total number of shares of capital stock which the Corporation shall have authority to issue is 1,000 shares of common stock, par value $.01 per share.

FIFTH.    The Board of Directors is authorized to make, alter or repeal the By-Laws of the Corporation. Election of directors need not be by written ballot unless the By-Laws so provide.

SIXTH.    The name and mailing address of the sole incorporator is:

| Name | Mailing Address |
|------|-----------------|
| Damon DiCastri | Winston & Strawn |
| | 35 West Wacker Drive |
| | Chicago, IL 60601 |

SEVENTH.    To the fullest extent permitted by the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended, no director of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director. Any repeal or modification of this clause SEVENTH shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

EIGHTH.    The Corporation may, to the extent permitted by the General Corporation Law, indemnify and reimburse all persons whom it may indemnify and reimburse pursuant thereto.

1

EXHIBIT  4  PG 13-77

NINTH. The Corporation expressly elects not to be governed by Section 203 of the General Corporation Law of the State of Delaware.

EXHIBIT 4 PG 14-77

IN WITNESS WHEREOF, the undersigned has executed this Certificate this 17th day of _April_ , 2000.

Damon DiCastri
Sole Incorporator

EXHIBIT  4  PG 15-77

RESPONSE TO
REQUEST FOR PRODUCTION NO. 3

EXHIBIT _4_  PG _16-77_

# BY-LAWS

## OF

## NORTHLAND VESSEL LEASING COMPANY

a Delaware corporation

(the "Corporation")

## ARTICLE I

## Offices

Section 1.1    Registered Office. The registered office of the Corporation in the State of Delaware shall be located at 1209 Orange Street, Wilmington, Delaware, County of New Castle. The name of the Corporation's registered agent at such address shall be The Corporation Trust Company.

Section 1.2 Other Offices. The Corporation may also have offices at such other places both within and without the State of Delaware as the Board of Directors may from time to time determine or the business of the Corporation may require.

## ARTICLE II

## Stockholders

Section 2.1 Annual Meetings. An annual meeting of stockholders shall be held each year for the election of directors at such date, time and place either within or without the State of Delaware as shall be designated by the Board of Directors. Any other proper business may be transacted at the annual meeting of stockholders.

Section 2.2 Special Meetings. Special meetings of stockholders may be called at any time by the Board of Directors, the Chairman (as hereinafter defined), if any, the Vice Chairman, if any, or the President and shall be called by the Chairman or the Secretary at the request, in writing, stating the purpose or purposes of the meeting, of stockholders who hold thirty percent of the outstanding shares of each class of capital stock entitled to vote at the meeting. Each special meeting shall be held at such date, time and place either within or without the State of Delaware as shall be designated by the person or persons calling such meeting at least ten days prior to such meeting.

Section 2.3 Notice of Meeting. Unless otherwise provided by law, whenever stockholders are required or permitted to take any action at a meeting, a written notice of the meeting shall be given which shall state the date, time and place of the meeting and, in the case of a special meeting,

674582.1

EXHIBIT 4 PG 17-77

the purpose or purposes for which the meeting is called. Unless otherwise provided by law, the written notice of any meeting shall be given not less than ten nor more than sixty days before the date of the meeting to each stockholder entitled to vote at the meeting. If mailed, notice is given when deposited in the United States mail, postage prepaid, directed to the stockholder at his address as it appears on the records of the Corporation.

Section 2.4 Adjournments. Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the Corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty days, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

Section 2.5 Quorum. Unless otherwise provided by law or the certificate of incorporation, at each meeting of stockholders, the presence in person or representation by proxy of the holders of a majority of the outstanding shares of each class of capital stock entitled to vote at the meeting shall constitute a quorum for the transaction of business. For purposes of the foregoing, two or more classes or series of capital stock shall be considered a single class if the holders thereof are entitled to vote together as a single class at the meeting. In the absence of a quorum, the stockholders so present and represented may, by vote of the holders of a majority of the shares of capital stock of the Corporation so present and represented, adjourn the meeting from time to time until a quorum shall attend, and the provisions of Section 2.4 of these By-Laws shall apply to each such adjournment. Shares of its own capital stock belonging on the record date for the meeting to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation to vote stock, including but not limited to its own stock, held by it in a fiduciary capacity.

Section 2.6 Organization. Meetings of stockholders shall be presided over by the Chairman, if any, or in his absence by the Vice Chairman, if any, or in his absence by the President, or in the absence of the foregoing persons by a chairman designated by the Board of Directors, or in the absence of such designation by a chairman chosen at the meeting. The Secretary shall act as secretary of the meeting, but in his absence the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 2.7 Voting; Proxies. Unless otherwise provided by the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of capital stock held by him which has voting power on the subject matter submitted to a vote at the meeting. Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to corporate action in writing without a meeting may authorize another person or persons to act for him by proxy, but no such proxy shall be voted or acted upon after three years from its date, unless the proxy provides for a longer period. A duly executed proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by filing an instrument in writing revoking the proxy or another duly executed proxy bearing a later date with the Secretary before the proxy is voted. Unless otherwise required by law, voting of stockholders for the election of directors need not be by written

- 2 -

EXHIBIT 4 PG 18-77

ballot. Voting of stockholders for all other matters need not be by written ballot unless so determined at a stockholders meeting by the vote of the holders of a majority of the outstanding shares of each class of capital stock present in person or represented by proxy at the meeting and entitled to vote on the subject matter submitted to a vote at the meeting. Unless otherwise provided by law or the certificate of incorporation, the vote of the holders of a majority of the shares of capital stock of the Corporation present in person or represented by proxy at a meeting at which a quorum is present and entitled to vote on the subject matter submitted to a vote at the meeting shall be the act of the stockholders.

Section 2.8  Fixing Date for Determination of Stockholders of Record.  In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof or to express consent to corporate action in writing without a meeting, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the Board of Directors may fix, in advance, a record date, which shall not be more than sixty nor less than ten days before the date of such meeting nor more than sixty days prior to any other action.  If no record date is fixed: (a) the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given or, if notice is waived, at the close of business on the day next preceding the day on which the meeting is held; (b) the record date for determining stockholders entitled to express consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is necessary, shall be the day on which the first written consent is expressed; (c) the record date for determining stockholders entitled to express consent to corporate action in writing without a meeting, when prior action by the Board of Directors is required, shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action; and (d) the record date for determining stockholders for any other purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.  A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

Section 2.9  List of Stockholders Entitled to Vote. The Secretary shall make, at least ten days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten days prior to the meeting, either at the headquarters of the Corporation or a place within the city where the meeting is to be held, which place shall be specified in the notice of the meeting, or, if not so specified, at the place where the meeting is to be held. The list shall also be produced and kept at the time and place of the meeting during the whole time thereof and may be inspected by any stockholder who is present.

Section 2.10  Consent of Stockholders in Lieu of Meeting. Unless otherwise provided by the certificate of incorporation, any action required by law to be taken at any annual or special meeting of stockholders of the Corporation, or any action which may be taken at any annual or special meeting of such stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present

- 3 -

EXHIBIT  4  PG 19 – 77

and voted. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing.

## ARTICLE III

### Board of Directors

Section 3.1 <u>Powers; Number; Qualifications</u>. Unless otherwise provided by law or the certificate of incorporation, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. Unless otherwise provided by the certificate of incorporation, the Board of Directors shall initially consist of one (1) director and thereafter shall consist of such number of directors as the Board of Directors shall from time to time designate. Unless otherwise provided by the certificate of incorporation, directors need not be stockholders.

Section 3.2 <u>Election; Term of Office; Resignation; Removal; Vacancies</u>. Each director shall hold office until his successor is elected and qualified or until his earlier resignation or removal. Any director may resign at any time upon written notice to the Corporation directed to the Board of Directors or the Secretary. Such resignation shall take effect at the time specified therein, and unless otherwise specified therein no acceptance of such resignation shall be necessary to make it effective. Any director or the entire Board of Directors may be removed, with or without cause, by the vote of the holders of a majority of shares of capital stock then entitled to vote at an election of directors. Whenever the holders of shares of any class or series of capital stock are entitled to elect one or more directors by the provisions of the certificate of incorporation, the provisions of the preceding sentence shall apply, in respect to the removal without cause of a director or directors so elected, to the vote of the holders of the outstanding shares of that class or series of capital stock and not to the vote of the holders of the outstanding shares of capital stock as a whole. Unless otherwise provided by the certificate of incorporation, vacancies and newly created directorships resulting from any increase in the authorized number of directors elected by all of the stockholders having a right to vote as a single class may be filled by the vote of a majority of the directors then in office, although less than a quorum, or by the vote of the sole remaining director. Whenever the holders of shares of any class or classes of capital stock or series thereof are entitled to elect one or more directors by the provisions of the certificate of incorporation, vacancies and newly created directorships of such class or classes or series thereof may be filled by the vote of a majority of the directors elected by such class or classes or series thereof then in office, or by the vote of the sole remaining director so elected.

Section 3.3 <u>Regular Meetings</u>. Regular meetings of the Board of Directors shall be held at such dates, times and places either within or without the State of Delaware as the Board of Directors shall from time to time determine.

Section 3.4 <u>Special Meetings</u>. Special meetings of the Board of Directors may be called at any time by the Chairman, the President or by any two members of the Board of Directors. Each special meeting shall be held at such date, time and place either within or without the State of Delaware as shall be fixed by the person or persons calling the meeting.

Section 3.5 <u>Notice of Meetings</u>. Written notice of each meeting of the Board of Directors shall be given which shall state the date, time and place of the meeting. The written notice of any meeting shall be given at least twenty-four hours in advance of the meeting to each director. Notice

- 4 -

EXHIBIT __4__ PG __20-77__

may be given by letter, telegram, telex or facsimile and shall be deemed to have been given when deposited in the United States mail, delivered to the telegraph company or transmitted by telex or facsimile, as the case may be.

Section 3.6 Telephonic Meetings Permitted. Members of the Board of Directors or any committee designated by the Board of Directors may participate in a meeting of the Board of Directors or of such committee by means of conference telephone or similar communication equipment by means of which all persons participating in the meeting can hear each other, and participation in the meeting pursuant to this by-law shall constitute presence in person at such meeting.

Section 3.7 Quorum; Vote Required for Action. Unless otherwise required by law, at each meeting of the Board of Directors, the presence of one-third of the total number of directors shall constitute a quorum for the transaction of business. The vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors, unless the vote of a greater number is required by law or the certificate of incorporation. In case at any meeting of the Board of Directors a quorum shall not be present, the members of the Board of Directors present may by majority vote to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall attend.

Section 3.8 Organization. Meetings of the Board of Directors shall be presided over by the Chairman, or in his absence by the President, or in their absence by a chairman chosen at the meeting. The Secretary shall act as secretary of the meeting, but in his absence the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 3.9 Action by Directors Without a Meeting. Unless otherwise provided by the certificate of incorporation, any action required or permitted to be taken at any meeting of the Board of Directors or any committee designated by the Board of Directors may be taken without a meeting if all members of the Board of Directors or of such committee consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the Board of Directors or such committee.

Section 3.10 Compensation of Directors. Unless otherwise provided by the certificate of incorporation, the Board of Directors shall have the authority to fix the compensation of directors, which compensation may include the reimbursement of expenses incurred in connection with meetings of the Board of Directors or a committee thereof.

## ARTICLE IV

## Committees

Section 4.1 Committees. The Board of Directors may, by resolution passed by a majority of the whole Board of Directors, designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member of such committee at any meeting thereof. In the absence or disqualification of a member of a committee, the member or members thereof present at any meeting and not disqualified from

- 5 -

EXHIBIT 4 PG 21-77

voting, whether or not he or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.

Section 4.2  Power of Committees.  Any committee designated by the Board of Directors, to the extent provided in a resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation and may authorize the seal of the Corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority to take any action which by law may only be taken by the Board of Directors or to take any action with reference to: amending the certificate of incorporation (except that a committee may, to the extent authorized in the resolution or resolutions providing for the issuance of shares of stock adopted by the Board of Directors, fix the designation and any of the preferences or rights of such shares relating to dividends, redemption, dissolution, any distribution of assets of the Corporation or the conversion into, or the exchange of such shares for, shares of any other class or classes or any other series of the same or any other class or classes of stock of the Corporation or fix the number of shares of any series of stock or authorize the increase or decrease of the shares of any series), adopting an agreement of merger or consolidation, recommending to the stockholders the sale, lease or exchange of all or substantially all of the Corporation's property and assets, recommending to the stockholders a dissolution of the Corporation or a revocation of dissolution, removing or indemnifying directors or amending these By-Laws; and, unless a resolution of the Board of Directors expressly so provides, no such committee shall have the power or authority to declare a dividend, to authorize the issuance of stock or to adopt a certificate of ownership and merger pursuant to Section 253 of the General Corporation Law of the State of Delaware.

Section 4.3  Committee Rules.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may adopt, amend and repeal rules for the conduct of its business. In the absence of a resolution by the Board of Directors or a provision in the rules of such committee to the contrary, the presence of a majority of the total number of members of such committee shall constitute a quorum for the transaction of business, and the vote of a majority of the members present at a meeting at which a quorum is present shall be the act of such committee.

## ARTICLE V

## Officers

Section 5.1  Officers; Elections.  As soon as practicable after the annual meeting of stockholders in each year, the Board of Directors shall elect from its membership or outside thereof a Chairman, a President, and a Secretary. The Board of Directors may also elect from its membership a Vice Chairman, and from its membership or outside thereof one or more Vice Presidents, one or more Assistant Vice Presidents, one or more Assistant Secretaries, a Treasurer, one or more Assistant Treasurers and such other officers or agents as it may determine. Unless otherwise provided by the certificate of incorporation, any number of offices may be held by the same person.

Section 5.2  Term of Office; Resignation; Removal; Vacancies.  Except as otherwise provided by the Board of Directors when electing any officer, each officer shall hold office until the first meeting of the Board of Directors after the annual meeting of stockholders next succeeding his election, or until his successor is elected and qualified or until his earlier resignation or removal. Any officer may resign at any time upon written notice to the Corporation directed to the Board of

- 6 -

EXHIBIT  4  PG 22-77

Directors and the Secretary. Such resignation shall take effect at the time specified therein, and unless otherwise specified therein no acceptance of such resignation shall be necessary to make it effective. The Board of Directors may remove any officer or agent with or without cause at any time. Any such removal shall be without prejudice to the contractual rights of such officer or agent, if any, with the Corporation, but the election of an officer or agent shall not of itself create any contractual rights. Any vacancy occurring in any office of the Corporation by death, resignation, removal or otherwise may be filled for the unexpired portion of the term by the Board of Directors.

Section 5.3 <u>Powers and Duties</u>. The officers of the Corporation shall have such powers and duties in the management of the Corporation as shall be stated in these By-Laws or in a resolution of the Board of Directors which is not inconsistent with these By-Laws and, to the extent not so stated, as generally pertain to their respective offices, subject to the control of the Board of Directors.

Section 5.4 <u>Chairman of the Board</u>. The Chairman of the Board (the "Chairman") shall preside at all meetings of the Board of Directors and stockholders and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors from time to time.

Section 5.5 <u>President</u>. The President shall be the principal operating officer of the Corporation and, subject to the control of the Board of Directors, shall in general direct the business operations of the Corporation. He shall, in the absence of the Chairman of the Board and a Chief Executive Officer, preside at all meetings of the stockholders and of the Board of Directors. He may sign, with the Secretary or any other proper officer of the Corporation authorized by the Board of Directors, certificates for shares of the Corporation and deeds, mortgages, bonds, contracts, or other instruments which the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or by these By-Laws to some other officer or agent of the Corporation, or shall be required by law to be otherwise signed or executed; and in general shall perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Directors from time to time.

Section 5.6 <u>The Treasurer</u>. The Treasurer shall have charge of and be responsible for all funds, securities, receipts and disbursements of the Corporation, and shall deposit, or cause to be deposited, in the name of the Corporation, all moneys or other valuable effects in such banks, trust companies or other depositories as shall, from time to time, be selected by the Board of Directors; he shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation and shall render to the President and to the Board of Directors, whenever requested, an account of the financial condition of the Corporation; and in general, shall perform all the duties incident to the office of the Treasurer of a corporation, and such other duties as from time to time may be designated to him by the President or the Board of Directors.

Section 5.7 <u>The Secretary and the Assistant Secretaries</u>. The Secretary shall attend all meetings of the Board of Directors, all meetings of the committees thereof and all meetings of the stockholders and record all the proceedings of the meetings in a book or books to be kept for that purpose. Under the President's supervision, the Secretary shall give, or cause to be given, all notices required to be given by these By-Laws or by law; shall have such powers and perform such duties as the Board of Directors, the Chairman, the President or these By-Laws may, from time to time, prescribe; and shall have custody of the corporate seal, if any, of the Corporation. The Secretary, or an Assistant Secretary, shall have authority to affix the corporate seal, if any, to any instrument requiring it and when so affixed, it may be attested by his or her signature or by the signature of such Assistant Secretary. The Board of Directors may give general authority to any other officer to affix

- 7 -

EXHIBIT ___4___ PG 23-77

the corporate seal, if any, and to attest the affixing by his or her signature. The Assistant Secretary shall, in the absence or disability of the Secretary, perform the duties and exercise the powers of the Secretary and shall perform such other duties and have such other powers as the Board of Directors, the Chairman, the President or Secretary may, from time to time, prescribe.

Section 5.8 <u>Other Officers; Security</u>. The other officers, if any, of the Corporation shall have such duties and powers as generally pertain to their respective offices and such other duties and powers as the Board of Directors shall from time to time delegate to each such officer. The Board of Directors may require any officer, agent or employee to give security, by bond or otherwise, for the faithful performance of his duties.

Section 5.9 <u>Compensation of Officers</u>. The compensation of each officer shall be fixed by the Board of Directors and no officer shall be prevented from receiving such compensation by virtue of his also being a director.

# ARTICLE VI

## Stock

Section 6.1 <u>Certificates</u>. Every holder of one or more shares of capital stock of the Corporation shall be entitled to have a certificate signed by or in the name of the Corporation by the Chairman or Vice Chairman, if any, or the President or a Vice President, and by the Treasurer or an Assistant Treasurer, if any, or the Secretary or an Assistant Secretary, certifying the number of shares owned by him in the Corporation. Any or all of the signatures on the certificate may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if he were such officer, transfer agent or registrar at the date of issue.

Section 6.2 <u>Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates</u>. The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or his legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

# ARTICLE VII

## Indemnification of Directors and Officers

Section 7.1 <u>Right to Indemnification</u>. Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he is or was a director or officer of the Corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is

- 8 -

EXHIBIT 4 PG 24-77

alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the General Corporation Law of the State of Delaware, as the same exists or may hereafter be amended, against all reasonable expense, liability and loss (including, without limitation, reasonable attorneys' fees, judgments, fines and amounts paid in settlement) incurred or suffered by such Indemnitee in connection therewith, and such indemnification shall continue as to an indemnitee who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the indemnitee's heirs, executors and administrators; provided, however, that, except as provided in Section 7.2 below with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Board of Directors of the Corporation. The right to indemnification conferred in this Article VII shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee) shall be made only upon delivery to the corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Article VII or otherwise.

Section 7.2 <u>Right of Indemnitee to Bring Suit</u>. If a claim under Section 7.1 above is not paid in full by the Corporation within sixty days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be thirty days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. If successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (a) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (b) any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met the applicable standard of conduct set forth in the General Corporation Law of the State of Delaware. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel or its stockholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its Board of Directors, independent counsel or its stockholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this Article VII or otherwise shall be on the Corporation.

- 9 -

EXHIBIT   4   PG 25 -𝑀

Section 7.3 <u>Non-Exclusivity of Rights under this Article</u>. The rights to indemnification and to the advancement of expenses conferred in this Article VII shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the certificate of incorporation, by-law, agreement, vote of stockholders or disinterested directors or otherwise.

Section 7.4 <u>Insurance</u>. The Corporation may purchase and maintain insurance on its own behalf or on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss asserted against him in any such capacity, or arising out of his status as such, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the General Corporation Law of the State of Delaware.

Section 7.5 <u>Indemnification of Employees and Agents</u>. The Corporation may, to the extent authorized at any time or from time to time by the Board of Directors, grant rights to indemnification and the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article VII with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.6 <u>Merger or Consolidation</u>. For purposes of this Article VII, references to "the Corporation" shall include, in addition to the resulting Corporation, any constituent Corporation (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors, officers, and employees or agents, so that any person who is or was a director, officer, employee or agent of such constituent Corporation, or is or was serving at the request of such constituent Corporation as a director, officer, employee or agent of another Corporation, partnership, joint venture, trust or other enterprise, shall stand in the same position under this Article VII with respect to the resulting or surviving Corporation as he or she would have with respect to such constituent Corporation if its separate existence had continued.

# ARTICLE VIII

## Miscellaneous

Section 8.1 <u>Fiscal Year</u>. The fiscal year of the Corporation shall be determined by the Board of Directors.

Section 8.2 <u>Seal</u>. The Corporation may have a corporate seal which shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

Section 8.3 <u>Waiver of Notice of Meetings of Stockholders, Directors and Committees</u>. Whenever notice is required to be given by law, the certificate of incorporation or these By-Laws, a written waiver thereof, signed by the person entitled to notice, whether before or after the time stated therein, shall be deemed equivalent to notice. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Unless otherwise provided by the certificate of incorporation,

EXHIBIT 4 PG 26-77

neither the business to be transacted at, nor the purpose of, any regular or special meeting of the stockholders, directors or members of a committee of directors need be specified in any written waiver of notice.

Section 8.4  Books and Records. The books and records of the Corporation may be kept within or without the State of Delaware at such place or places as may be designated from time to time by the Board of Directors.  Any records maintained by the Corporation in the regular course of its business, including its stock ledger, books of account and minute books, may be kept on, or be in the form of, punch cards, magnetic tape, photographs, microphotographs, computer or any other information storage device provided that the records so kept can be converted into clearly legible form within a reasonable time. The Corporation shall so convert any records so kept upon the request of any person entitled to inspect the same.

Section 8.5  Amendment of By-Laws.  These By-Laws may be amended or repealed, and new by-laws adopted, by the Board of Directors, but the stockholders entitled to vote may adopt additional by-laws and may amend or repeal any by-law whether or not adopted by them.

- 11 -

EXHIBIT __4__ PG _27-27_

RESPONSE TO
REQUEST FOR PRODUCTION NO. 15

EXHIBIT _4_ PG 28-77

### State of Delaware

PAGE 1

## Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE RESTATED CERTIFICATE OF "NORTHLAND HOLDINGS, INC.", FILED IN THIS OFFICE ON THE TENTH DAY OF MAY, A.D. 2000, AT 4:30 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



*Edward J. Freel, Secretary of State*

2882650   8100

001239783

AUTHENTICATION:      0431601

DATE:      05-11-00

EXHIBIT  4  PG 29-77

# AMENDED AND RESTATED
# CERTIFICATE OF INCORPORATION
# OF NORTHLAND HOLDINGS, INC.

### a Delaware corporation

Northland Holdings, Inc., originally incorporated under the name Northland Holdings II Inc. on April 9, 1998, a corporation organized and existing under the laws of the State of Delaware, pursuant to Section 242 and Section 245 hereby amends and restates the Certificate of Incorporation as follows:

FIRST.    The name of the Corporation is Northland Holdings, Inc.

SECOND.    The address of the Corporation's registered office in the State of Delaware is 1209 Orange Street, Wilmington, Delaware 19801 county of New Castle. The name of its registered agent at such address is The Corporation Trust Company.

THIRD.    The nature of the business of or purpose to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law.

FOURTH.    The total number of shares of capital stock which the Corporation shall have authority to issue is 20,000,000 shares of common stock, par value $0.01 per share.

FIFTH.    The Board of Directors is authorized to make, alter or repeal the By-Laws of the Corporation. Election of directors need not be by written ballot unless the By-Laws so provide.

SIXTH.    To the fullest extent permitted by the General Corporation Law of the State of Delaware as the same exists or may hereafter be amended, no director of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director. Any repeal or modification of this clause SIXTH shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

SEVENTH.    The corporation may, to the extent permitted by the General Corporation Law, indemnify and reimburse all persons whom it may indemnify and reimburse pursuant thereto.

EIGHTH.    The Corporation expressly elects not to be governed by Section 203 of the General Corporation Law of the State of Delaware.

[Signature page follows]

EXHIBIT __4__ PG 30-77

IN WITNESS WHEREOF, the undersigned has executed this Amended and Restated Certificate of Incorporation as of this _10th_ day of May, 2000.

Northland Holdings, Inc.,
a Delaware corporation

By: _____
Barry L. Hachler
Senior Vice President, Chief
Financial Officer and Secretary

EXHIBIT __4__ PG _31-77_

RESPONSE TO
REQUEST FOR PRODUCTION NO. 29

EXHIBIT ___4___ PG _32-11_

# STATE of WASHINGTON



# SECRETARY of STATE

I, RALPH MUNRO, *Secretary of State of the State of Washington and custodian of its seal,*

hereby issue this

### CERTIFICATE OF EXISTENCE/AUTHORIZATION

### OF

### NORTHLAND VESSEL LEASING COMPANY

**I FURTHER CERTIFY** that the records on file in this office show that the

above named profit corporation was formed under the laws of the

State of DELAWARE and was issued a Certificate of Authority

in Washington on April 26, 2000.

**I FURTHER CERTIFY** that as of the date of this certificate, no Certificate of Withdrawal

have been filed, and that the corporation is duly authorized to

transact business in the corporate form in the State of Washington.



Date:    April 28, 2000

*Given under my hand and the Seal of the State
of Washington at Olympia, the State Capital*



DMW

Ralph Munro, Secretary of State

200-002

EXHIBIT   4   PG 33-99

RESPONSE TO
REQUEST FOR PRODUCTION NO. 31

EXHIBIT __4__ PG _34-77_

# State of Alaska
## Department of Community and Economic Development
## Division of Banking, Securities and Corporations

# CERTIFICATE

## OF

# COMPLIANCE

The undersigned, as Commissioner of Community and Economic Development of the State of Alaska, and custodian of corporation records for said state, hereby certifies that

**NORTHLAND VESSEL LEASING COMPANY**

authorized to transact business in Alaska as

**NORTHLAND VESSEL LEASING COMPANY**

is a corporation organized under the laws of **DELAWARE** and on **APRIL 27, 2000** qualified as a foreign business corporation authorized to do business in Alaska.

I FURTHER CERTIFY that said corporation is in good standing and has filed all biennial corporate reports due at this time and has paid all biennial corporation taxes and fees due and payable at this time.

No information is available in this office on the financial condition, business activity or practices of this corporation.

IN TESTIMONY WHEREOF, I execute this certificate and affix the Great Seal of the State of Alaska on **MAY 3, 2000**

Deborah B. Sedwick
Commissioner of Community
and Economic Development

EXHIBIT   4   PG 35-77