Thomas G. Waller
Alaska Bar No. 0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
(206) 443-3400

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOSEPH ABRUSKA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHLAND VESSEL LEASING COMPANY, LLC; NAKNEK BARGE, LLC; NORTHLAND SERVICES, INC.,<br><br>　　　　　Defendants. | CASE NO. A04-209 CV (JKS) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.　INTRODUCTION

The BARANOF TRADER was and remains a tank barge constructed, adapted and authorized to carry oil in bulk as cargo. Its Certificate of Inspection specifically authorizes the carriage of 100,000 gallons of fuel. As a tank vessel, the barge is exempt from any perimeter guard rail requirements. Plaintiff's motion for partial summary judgment is legally groundless.

If it were assumed (solely for purposes of responding) that the vessel was simply a freight barge, plaintiff's motion would be equally without merit. Plaintiff offers no legitimate evidence or reason for the Court to substitute plaintiff's opinions about a guard wire regulation in place of the interpretations and judgment of the United States Coast Guard. Plaintiff's renewed motion for summary judgment offers nothing new to reverse Judge Singleton's earlier Order denying plaintiff's identical motion.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 1 of 9 -

## II. THE BARANOF TRADER IS AN UNMANNED TANK VESSEL EXEMPT FROM REGULATORY GUARD RAIL STANDARDS

The BARANOF TRADER was certified as an Inspected Vessel by the United States Coast Guard on September 24, 2000. *Declaration of Ed Hiersche, Ex. 1*. It was reinspected on March 4, 2002. The barge's Certificate of Inspection lists its service as "Freight Barge," but its "Conditions of Carriage" on page 2 of the Certificate authorizes the carriage of 100,000 gallons of fuel. *Id.* ("This vessel is authorized to carry Grade D in port and stbd. after rake wing tanks to a maximum capacity of 100,000 gallons [.]") [1]

A Certificate of Inspection (COI) certifies that a vessel has been physically inspected by representatives of the U.S. Coast Guard and that it is in conformance with the applicable vessel inspection laws and regulations. 46 CFR § 91.15 *et seq*. The inspection process includes a series of initial inspections (46 CFR § 91.20) during construction, an inspection for certification (46 CFR § 91.25-10) and annual and periodic inspections (46 CFR § 91.27) at regular intervals. At each level of inspection, the Coast Guard inspector must verify that all lifesaving appliances comply with the "applicable regulations." See, e.g., 46 CFR § 91.25-10.

In his earlier Order denying plaintiff's motion, Judge Singleton found that unmanned tank barges are exempt from rail and guard requirements. *Order, Docket 11, at p. 8 ("Under the applicable federal regulations, 46 CFR §32.02-10(a) exempts unmanned tank barges from the exact same rail requirements outlines by § 92.25-5.")* [2] The following Coast Guard regulations affirm the BARANOF TRADER, as a tank vessel, is exempt from those same rail and guard requirements:

---

[1] Undersigned counsel for defendants overlooked the Certificate of Inspection's "Conditions of Carriage" when responding to plaintiff's earlier motion. The oversight unfortunately and admittedly caused Judge Singleton, plaintiff's counsel and this Court to expend energies and resources better spent on other matters.
[2] Judge Singleton found previously, "[T]he BARANOF TRADER is an unmanned barge [.]" *Order at 4.*

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 2 of 9 -

46 CFR 30.01-5  Application of Regulations
(d) This subchapter is applicable to all U.S.-flag vessels indicated in Column 2 of Table 30.01-5(d).  [Column 2: "*All vessels carrying combustible or flammable liquid cargo in bulk.*"]

46 CFR § 32.02-10  Rails -- TB/ALL
(a) All tank vessels, ***except unmanned tank barges***, . . .  shall have efficient guard rails or bulwarks on decks and bridges. (emphasis)

46 CFR § 30.10-69  Tank vessel -- TB/ALL
The term tank vessel means a vessel that is constructed or adapted to carry or that carries, oil or hazardous material in bulk as cargo or cargo residue, and that --

(a) Is a vessel of the United States [.]

46 CFR 30.10-5  Cargo -- TB/ALL
The term cargo means combustible liquid, flammable liquid, or liquefied flammable gas unless otherwise stated.

46 CFR 30.10-15  Combustible liquid -- TB/ALL
The term combustible liquid means any liquid having a flashpoint above 80[degrees] F. (as determined from an open-cup tester, as used for test of burning oils). In the regulations of this subchapter, combustible liquids are referred to by grades, as follows:

(a) Grade D. Any combustible liquid having a flashpoint below 150[degrees] F. and above 80 [degrees] F.

There is no genuine dispute the BARANOF TRADER was an unmanned tank vessel inspected by the U.S. Coast Guard and constructed and authorized to carry Grade D (combustible liquid) in bulk.  As a matter of law, the barge was exempt from the perimeter rail requirements identified in plaintiff's motion.

III.   JUDGE SINGLETON'S ORIGINAL ORDER

For the reasons set forth above, the regulation cited by plaintiff -- 46 CFR § 92.25-5 -- is not genuinely at issue in the litigation.  Even if the regulation were assumed to be applicable, the outcome would be no different.  Plaintiff's motion would fail.

Plaintiff mistakenly reads and unfairly characterizes Judge Singleton's earlier Order.  He ignores altogether the foundation of Judge Singleton's opinion: "because the MSM [Coast Guard Marine Safety Manual] does not conflict with § 92.25-5, it is hard to say that Defendants have

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121
(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 3 of 9 -

violated the regulation." *Order, Docket No. 11, at 8.*  Plaintiff also ignores the underlying, genuine concern of the Court: *Why should the BARANOF TRADER be compelled to follow a regulation containing numerous exemptions and exceptions when the Coast Guard itself has determined the regulation does not apply to unmanned barges*.  <u>See, generally</u>, *Order, Docket No. 11*.  Plaintiff ignores all of this.  He argues instead that Judge Singleton was worried merely about the difficulty or ease in putting up the third wire referenced in 46 U.S.C. § 92.25-5.  Plaintiff's interpretation of Judge Singleton's Order is not well taken.

In his original motion, as here, plaintiff argued that the BARANOF TRADER violated Coast Guard regulation 46 U.S.C. § 92.25-5 because the barge lacked a third grab wire.  *Plaintiff's Motion for Partial Summary Judgment.*  Defendants opposed the motion based in part on the Coast Guard's determination that the regulation does not apply to unmanned barges such as the BARANOF TRADER.  *Defendants Opposition to Partial Summary Judgment*.  The Coast Guard's determination is set forth in Volume IV, Chapter 5 of the Coast Guard's Marine Safety Manual ("MSM") at § 5.C.1.a.  This section states unequivocally, "The rail and guard requirements of 46 C.F.R. 92.25 do not apply to unmanned deck cargo barges for ocean service."  The BARANOF TRADER is an unmanned deck cargo barge designed for ocean service (and authorized to carry oil in bulk as cargo).

In rejecting Abruska's arguments, Judge Singleton highlighted the acute defects in Abruska's interpretation of the Marine Safety Manual and its treatment of unmanned barges:

- "Abruksa's first argument -- the MSM conflicts with the facial language of § 92.25.5 -- fails to account for the fact that the regulation provides for exceptions to its requirements." *Order at 6*

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 4 of 9 -

- "In other words, Abruska fails to demonstrate why rails are safety features qualitatively so much more important than other safety features that are not required on unmanned barges under the applicable regulations." [3] *Order at 6-7*

- "Yet, Abruska does not explain why it was reasonable for the regulations to exempt unmanned tank barges and unreasonable and impracticable for the Coast Guard to also exempt regular unmanned barges, which are presumably similar vessels." *Order at 7*

- "Indeed, Abruska does not discuss the differences between unmanned tank barges and unmanned barges at all, despite the MSM's direct reference to §32.02-10(a)'s exemption for unmanned tank barges." [4] *Order at 7*

Judge Singleton found no evidence that a third wire on the BARANOF TRADER was either reasonable or practical. Subsequent deposition testimony suggested a third wire may have been feasible, but so too perhaps were four wires, or five wires, or six. The feasibility of having a third wire was clearly not the critical link in Judge Singleton's analysis.

In denying plaintiff's earlier motion, the Court essentially found the Coast Guard regulation gave discretion to the agency in applying 46 U.S.C. § 92.25-5. *Order at 6*. The Court also found the Coast Guard to have exercised its discretion, as set forth in the MSM, to exempt all unmanned cargo barges. *Order at 8*. The Court agreed with the Coast Guard's exercise of discretion; it found the exemption to be reasonable given the purpose and use of the barge. *Order 6-8*. The Court explained, "the [Certificate of Inspection] issued to the BARANOF TRADER seems to be a logical extension of Coast Guard policy as expressed by the MSM." *Order at 8*.

Judge Singleton rejected plaintiff's efforts to reinterpret both the regulation and Coast Guard authority. Nothing has changed to upset Judge Singleton's earlier order.

---

[3] Abruska cited various regulations distinguishing between manned and unmanned barges, but Judge Singleton found no reason -- as plaintiff had offered no rationale -- why unmanned tank barges should be exempt from rail requirements and unmanned deck barges be required to have perimeter rails. Finding no reason to distinguish the two types of barges, Judge Singleton determined the Coast Guard's interpretation of 46 U.S.C. § 92.25 was reasonable.

[4] Judge Singleton felt that the fact that the regulations specifically exempted unmanned tank barges justified the Coast Guard's exemption of all unmanned barges as discussed in the MSM.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 5 of 9 -

## IV. PLAINTIFF'S RENEWED MOTION ADDRESSES NONE OF THE ISSUES RAISED BY JUDGE SINGLETON

Plaintiff's renewed motion for summary judgment misses the fundamental point of the earlier Order. Plaintiff simply does not explain why the Court should ignore the Coast Guard's determination and find that 46 U.S.C. § 92.25-5 was both applicable and violated. His entire argument rests on testimony affirming it would be *possible* to put up a third wire. Plaintiff offers no evidence suggesting a third wire was necessary or even reasonable given the nature of the barge's use. In fact, he offers no evidence whatsoever about the BARANOF TRADER'S use and purpose. He focuses instead on simply the "practical-ness" of the third wire, but not the reasonableness or need for installing and maintaining the third wire.

As evidence in support of his motion, plaintiff points to the testimony of various Northland Services personnel. The witnesses generally agreed it would be possible to string a third wire. Defendants have never disputed the point. It would likely be possible to string three wires, four wires, five wires or more. The question is what was necessary and reasonable given the expected use of the barge.

Plaintiff's renewed motion for summary judgment -- like the original -- fails to address these points. He does not address how or why the MSM exemption allegedly conflicts with the cited regulation. He does not suggest why a third safety rail is important for the BARANOF TRADER. He does not explain why this Court should order a third rail for unmanned barges. Proving that something can be done does not prove it is a legal requirement.

The Coast Guard has exercised the discretion allowed it in the cited regulation to exempt umanned deck barges from rail requirements. The exemption is reasonable given the use and nature of unmanned deck barges. Plaintiff leaves unanswered each of these issues.

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

## V. A VIOLATION OF A COAST GUARD REGULATION IS IRRELEVANT TO LIABILITY ISSUES

The regulation cited by plaintiff, even if applicable, is irrelevant to actions brought under §905(b) of the Longshore Act. The regulation does not govern the work of longshoremen and it offers no insight into a shipowner's duties under § 905(b).

In § 905(b) actions, OSHA regulations may provide limited evidence of a shipowner's standard of care. *Ollestad v. Greenville Steamship Corp*., 738 F.2d 1049, 1053 (9th Cir. 1984)("Where a ship undertakes work normally performed by longshoremen, OSHA standards regulating such work are relevant to the jury's consideration of whether the ship owner exercised reasonable care [.]" The limited relevance of OSHA regulations was explained in *Haines v. Honolulu Shipyard, Inc.,* 125 F. Supp. 2d 1020, 1028, 2000 AMC 127 (D. Haw. 2000):

> Plaintiff attempts to rely on regulations promulgated by the Occupational Safety and Health Administration ("OSHA") to establish that the Government breached this duty. Plaintiff's reliance on these regulations is unpersuasive . . . . *Although OSHA regulations may set forth various safety requirements, they neither define nor discuss what designs or conditions are safe or unsafe for a **skilled** worker exercising reasonable care*. The regulations therefore shed little light on whether the turnover duty of safe condition was breached here.

*Id.* (emphasis). A violation of an OSHA regulation, while providing some relevance, is not dispositive to liability.

Plaintiff, of course, cites no applicable OSHA in his motion. He alleges instead the violation of a Coast Guard regulation. As further explained in defendants' motion for summary judgment, Coast Guard regulations are inapplicable to longshoremen. Under a memorandum of understanding between OSHA and the Coast Guard, the latter agency regulates the "safety and health of *seamen* onboard vessels which are inspected and certified by the U.S. Coast Guard." *OSHA Directive, CPL 2-1.20 – OSHA/U.S. Coast Guard Authority Over Vessels.* "OSHA regulates the working conditions of employees, *other than seamen*[.]" *Id.* (emphasis). The Coast Guard regulation cited by plaintiff -- and any potential violation of the regulation -- has no bearing on the reasonable care owed by a ship owner to a longshoreman.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 7 of 9 -

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

## V. CONCLUSION

The BARANOF TRADER was at all material times a tank barge constructed, adapted and authorized to carry 100,000 gallons of Grade D combustible liquid. As a tank vessel, the barge was exempt from all perimeter guard rail requirements. The two wires installed aboard the barge exceeded any applicable Coast Guard regulation.

If it were assumed (solely for purposes of responding) that the vessel was not a tank barge, plaintiff's motion offers no legitimate grounds for the Court to reverse Judge Singleton's earlier Order.

Defendants respectfully ask the Court to summarily deny plaintiff's renewed motion for partial summary judgment.

DATED this 22nd day of May, 2006.

BAUER MOYNIHAN & JOHNSON LLP


/s/ Thomas G. Waller
_____
Thomas G. Waller, Alaska Bar No. 0109052
Attorneys for Defendants
2101 Fourth Avenue, Suite 2400
Seattle, Washington 98121
Tel: 206-443-3400
Fax: 206-448-9076
E-mail: tgwaller@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 8 of 9 -

CERTIFICATE OF SERVICE

I declare under penalty of perjury of the laws of the state of Washington that on May 22, 2006 I electronically filed the **above document** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Neil T. O'Donnell**:  nto@acglaw.com
**Christopher J. Slottee :**  cjs@acglaw.com

BAUER MOYNIHAN & JOHNSON LLP

s/Suya Edwards
_____
Suya Edwards
E-mail: sedwards@bmjlaw.com

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121

(206) 443-3400
FAX (206) 448-9076

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT
Abruska / Northland; No. A04-209 CV (JKS)
- 9 of 9 -