NEIL T. O'DONNELL
CHRISTOPHER J. SLOTTEE
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Joseph Abruska
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
Phone: (907) 276-1700
Fax: (907) 272-2082
nto@acglaw.com
cjs@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOSEPH ABRUSKA, | ) | Case No. 3:04-cv-209-TMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHLAND VESSEL LEASING | ) | |
| COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S REPLY TO MOTION TO COMPEL**

**I.   ABRUSKA DID NOT HAVE TO PLEAD A CLAIM FOR PIERCING THE VEIL**

The defendants argue that Abruska's motion to compel should be denied because Abruska did not plead a claim for piercing the corporate veil. F.R.C.P. 8(a) requires a plaintiff to plead:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction

>to support it, (2) a short and plain statement of the claim
>showing that the pleader is entitled to relief, and (3) a demand
>for judgment for the relief the pleader seeks

F.R.C.P. 8(a). Citing to <u>McCormick v. City of Dillingham</u>, 16 P.3d 735 (Alaska 2001), the defendants claim that Abruska needed to put them on notice that he intended to hold them responsible for the debts or obligations of each other. <u>See</u> (Opp., p. 7). In <u>McCormick</u>, however, the complaint provided the defendant with sufficient notice that the plaintiff was seeking to pierce the corporate veil because "Dillingham alleged in its first complaint that McCormick had failed to pay city taxes, fees, and penalties, stating that it would seek payment from McCormick." <u>McCormick</u>, 16 P.3d at 743. Nothing more was required to put the defendant on notice given the liberal requirements of notice pleading. <u>Id.</u>

Abruska also alleged that he sought to hold each defendant liable for his injuries. <u>See</u> Docket 1. Abruska was not required to spell out specific legal theories in his complaint and he was not required to specifically plead a claim for piercing the corporate veil. A claim for piercing the corporate veil is not a substantive claim for relief. <u>International Financial Services Corp. v. Chromas Technologies Canada, Inc.</u>, 356 F.3d 731, 736 (7th Cir. 2004) ("Piercing the corporate veil, after all, is not itself an action; it is merely a procedural means of allowing liability on a substantive claim....") <u>See</u> <u>also</u> Fletcher Cyc. Corp. § 41.10, p. 577 (A piercing claim is "not in itself a claim for substantive relief.")

In this case, it is even more clear that piercing the corporate veil is not a substantive claim that had to be specifically pled in Abruska's complaint. Piercing the corporate veil in this case is an evidentiary issue that could determine whether Northland

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 2 of 16
84997/7407.1

Services' notice of the dangerous condition posed by the loose lower safety wire on the Baranoff Trader can be imputed to the other defendants. There is no requirement that Abruska specifically plead an evidentiary theory in his complaint.[1]

## II. THE REQUIREMENTS OF F.R.C.P. 37 AND LOCAL RULE 37.1 WERE MET

The defendants contend that Abruska's motion to compel should be denied out of hand because he did not comply with the requirements of F.R.C.P. 37. That rule states that the movant on a motion to compel must have "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." F.R.C.P. 37(a)(2). The defense complains that Abruska did not confer in good faith because he waited too long to both confer and file his motion to compel, did not confer by telephone, and did not take the defendants up on their offer to "confirm" their self-serving assertions. Finally, the defendants also imply that Abruska's motion to compel is a bad faith attempt to delay summary judgment in this case.

First, Abruska's motion to compel is timely. There is no requirement that Abruska confer within a specific period of time after receiving discovery responses. F.R.C.P. 37(a); D.Ak.L.R. 37.1. Furthermore, Abruska timely submitted his discovery requests and

---

[1] The defendants also point to no prejudice they suffered by any failure to specifically plead this evidentiary theory and Abruska cannot conceive of any. The defendants suggest that they could have submitted an interrogatory to Abruska to determine what evidence he had concerning the defendants' corporate veil. Clearly, Abruska is not the source of evidence relating to the defendants' corporate veil; the defendants are.

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 3 of 16
84997/7407.1

timely filed his motion to compel within the Court's pretrial deadlines. The defendants' complaints about Abruska's supposed delay have no basis in the law.[2]

The defendants' complaints over the timing of Abruska's motion to compel, and over Abruska's letter explaining why the requested information was relevant, also have no basis in fact. Abruska served the disputed discovery requests on the defendants on August 31, 2005. The defendants responded on October 3, 2005, refusing to produce any information at all. Subsequently, in late October/early November, the defendants solicited a settlement offer from Abruska. (Affidavit of Christopher J. Slottee.) Abruska waited until after he had his most recent surgery on his leg in January of 2006 to submit a settlement offer. (Affidavit of Christopher J. Slottee.) Abruska submitted a settlement offer to the defendants on February 21, 2006. (Affidavit of Christopher J. Slottee.)

In the letter accompanying the settlement offer, Abruska informed the defendants that if settlement negotiations were not successful, they would have to address the outstanding August 31st discovery requests because the information was relevant to establish the defendants' notice of the dangerous condition on the Baranoff Trader. (Affidavit of Christopher J. Slottee.) Abruska explained why the requested information was relevant, including the fact that it could establish that the defendants' corporate veils should

---

[2] The defendants complain on several occasions Abruska's motion to compel was filed "months" after the close of written discovery. That is irrelevant. Abruska's discovery requests were timely served before the close of written discovery. By stipulation and the Court's pretrial order, the deadline for discovery motions was May 3, 2006, which is the day Abruska filed his motion to compel. See Docket 27.

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 4 of 16
84997/7407.1

be pierced. (Affidavit of Christopher J. Slottee.) The defendants did not respond to Abruska's settlement offer or letter in any way. (Affidavit of Christopher J. Slottee.)

The defendants then produced Leo Naekel's expert report on March 21, 2006. (Ex. 5 to Motion.) Mr. Naekel's expert report confirmed that the defendants would attempt to defend this case on the grounds that each defendant owed legally distinct duties, none of which included a duty to protect Abruska from the dangerous condition of the barge. (Ex. 5 to Motion.)

Thus, Abruska renewed his request for the information on April 3, 2006, a little less than two weeks after Mr. Naekel's report was produced. (Ex. 1 to Reply.) Abruska explained why the evidentiary issues in the case and Mr. Naekel's report made the requested information relevant and discoverable. (Ex. 1 to Reply.) The defendants responded to that letter on April 18, 2006, two weeks before the deadline for discovery motions, and again totally refused to produce any of the request information. (Ex. 3 to Opp.)

The defendants did offer to "confirm" their self-serving assertions that their corporate veils should not be pierced, but made it clear that they would not produce the relevant information sought by Abruska. (Ex. 3, p. 2 to Opp.) Consequently, Abruska filed his motion to compel, within the deadlines set by the Court. Given this course of events, the defendants' complaints over the timing of this discovery issue are baseless.

Second, F.R.C.P. 37(a) and D.Ak.L.R. 37.1 does not require telephonic conferences between counsel. Furthermore, counsel for Abruska did confer with counsel for defendants in good faith. Abruska sent defendants a letter outlining why the requested

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 5 of 16
84997/7407.1

information was relevant and discoverable.[3] (Ex. 1 to this Reply.) In response, the defendants still refused to produce any of the requested information and made it clear that they would not produce any information regarding the defendants' corporate structure. (Ex. 3 to Opp.) The only "offer" made by the defendants was to "confirm" their self-serving assertions that their corporate veils should not be pierced and a request that Abruska prove his claim to the defendants in order to obtain the requested discovery.

Consequently, given the short time remaining before the deadline for discovery motions, the defendants' complete and total refusal to produce the requested information, and the clear intent by the defendants to produce only information that supported its self-serving assertions, no further discussion would have been fruitful. Counsel for Abruska was not required to restate his arguments yet again by telephone, when his letter made clear that production of the requested information was necessary. Nor was counsel for Abruska required to accept the defendants' offer of selective, self-serving information relating to their corporate form, as opposed to the full disclosure sought by the discovery requests. Abruska was, and is, entitled to full disclosure of all the information sought in his discovery requests, and not just the information the defendants wanted to produce.

Counsel for Abruska attempted in good faith to obtain the requested discovery without resorting to court action. The defendants' response to Abruska's efforts

---

[3] This was actually the second letter sent that addressed these discovery requests, as Abruska's settlement offer also informed the defendants that if settlement negotiations were not successful, this discovery issue would have to be resolved.

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 6 of 16
84997/7407.1

established that a motion to compel was necessary. F.R.C.P. 37 and D.Ak.L.R. 37.1 were complied with in this case.

Third, the defendants suggest that Abruska's motion to compel is designed to postpone summary judgment, given that Abruska filed his motion the day after the defendants filed their motion for summary judgment. This is another incorrect assertion by the defense. If Abruska filed his motion to compel for the purpose of delaying a ruling on defendants' summary judgment motion, he surely would have also sought a F.R.C.P. 56(f) extension of time in conjunction with his opposition to the motion for summary judgment or the motion to compel.[4] Abruska did not do so. Indeed, Abruska's motion to compel does not even refer to the defendants' summary judgment motion, or suggest that the information sought is necessary to defeat that motion.[5]

Abruska's motion to compel was not filed for purposes of delay or in response to the defense's motion for summary judgment, and the defendants' suggests to the contrary are without basis. (Affidavit of Christopher J. Slottee.) Abruska's motion to compel is based on a good faith belief that the information sought is relevant and discoverable in this litigation. The defense clearly believes otherwise, and that is why this issue has been submitted to the Court.

---

[4] If Abruska had done so, that would certainly have been permissible since that is the legitimate purpose of F.R.C.P. 56(f).

[5] It is clear that there is a genuine issue of material fact regarding the issues raised in the defendants' summary judgment motion even without the information sought in Abruska's motion to compel.

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 7 of 16
84997/7407.1

**III.   THE DEFENDANTS BELATED PRODUCTION OF DISCOVERABLE INFORMATION DOES NOT RELIEVE THEM OF THEIR OBLIGATION TO PRODUCE THE REMAINING INFORMATION**

After refusing to produce any information in response to Abruska's discovery requests and letter, the defendants produced some information in response to Abruska's motion to compel. The defendants, however, continue to refuse to produce relevant, discoverable information. The defendants claim that their production establishes that there is a lack of evidentiary support for any piercing of the corporate veil, and that Abruska's remaining discovery should be accordingly denied.

The defendants' argument ignores fundamental principles behind discovery. Abruska is not required to prove his case in order to obtain discovery. Furthermore, the defendants' recent production does not establish that it would be impossible to pierce the corporate veil. It in fact establishes that additional elements of the test for piercing the corporate veil may be met. Finally, the defendants' recent production is incomplete. It omits significant, discoverable information.

**A.   ABRUSKA DOES NOT HAVE TO PROVE HIS CLAIM TO OBTAIN DISCOVERY**

Significantly, the defendants do not argue that the information sought by Abruska is not relevant to the issue of whether their corporate veils should be pierced. Rather, the defendants argue that Abruska's motion to compel should be denied because of an alleged lack of evidence to support a corporate veil piercing argument.

The scope of discovery is broad. Hickman v. Taylor, 329 U.S. 495, 507 (1947). "No longer can the time-honored cry of 'fishing expedition' serve to preclude a

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 8 of 16
84997/7407.1

party from inquiring into the facts underlying his opponent's case." Id. Abruska is not required to prove his case in order to obtain discovery on relevant matters. Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980) (requirement of "good cause" for discovery no longer part of civil discovery rules). "The test for determining whether material is discoverable is relevancy." Id. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. The purpose of discovery is to narrow the issues and determine what claims and arguments are valid. Bodine Produce v. United Farm Wkrs. Org. Com., 494 F.2d 541, 556 (9th Cir. 1974).

Abruska does not have to prove that he would succeed on his claim in order to obtain discovery. He need only show that the requested information is relevant or may lead to the discovery of admissible evidence. F.R.C.P. 26(c). An alleged evidentiary weakness regarding a claim or argument is no reason for wholesale denial of discovery.

Consequently, the defendants' complaints that the discovery sought by Abruska should be denied because Abruska cannot prove his argument miss the point.[6] Abruska has shown why the information sought is relevant and discoverable. See Motion to Compel. Other than attacking plaintiff's motion to compel on procedural grounds, the defendants have not shown that the information sought by Abruska is not relevant to an argument that the defendants' corporate veils should be pierced. Therefore, since the

---

[6] The defendants complain that Abruska has not deposed the other individuals working at the Naknek Dock at the time of the accident, or the corporate representatives of the defendants. That is irrelevant to any issue regarding discovery.

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 9 of 16
84997/7407.1

information sought is clearly relevant (and that is all that is required under the broad discovery principles contained in the Federal Rules of Civil Procedure), the Court should order the defendants to provide complete responses to Abruska's discovery requests.

### B. THE DEFENDANTS' BELATED PRODUCTION DOES NOT INVALIDATE ABRUSKA'S DISCOVERY REQUESTS

The defendants also try to avoid discovery by claiming that its recent production establishes that there is no evidentiary basis for piercing the corporate veil. For example, the defendants cite to the declaration of Barry Hachler, who conclusorily asserts that Northland Vessel Leasing and Northland Services' corporate forms were observed. Mr. Hachler also states that Northland Vessel Leasing has no employees, and so there could be no sharing of employees between Northland Vessel Leasing and Northland Services.[7]

Initially, the information relating to the employees of Northland Vessel Leasing and Naknek Barge Lines is some of the information Abruska was seeking with his discovery requests and motion to compel. It is noteworthy that this information was not

---

[7] The defendants also claim that counsel for Abruska did not have a good faith belief that the defendants have overlapping employees. In making this assertion, the defendants ignore the evidence presented with Abruska's motion to compel. As shown in that motion, Mr. Hachler works for both Northland Vessel Leasing and Northland Services. (Exs. 8, 9 to Motion.) See also Hachler Affidavit. It also appears that Northland Services and Northland Vessel Leasing are headquartered in the same office. (Ex. 11 to Motion.) There is at least a question whether Northland Services shares employees with other Northland entities, such as Northland Holdings, as Northland Holdings employees use Northland Services e-mail addresses. (Ex. 10). It is again the purpose of discovery to clarify issues such as this.

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 10 of 16
84997/7407.1

produced in response to Abruska's discovery requests or subsequent letter concerning those discovery requests, but only in response to Abruska's motion to compel.[8]

Regardless, the defendants' partial production of information demonstrates why the discovery sought by Abruska is necessary. One purpose of discovery is to narrow the legal issues to be tried, i.e., to determine what claims are valid and what claims are not. Bodine Produce v. United Farm Wkrs. Org. Com., 494 F.2d 541, 556 (9th Cir. 1974) ("discovery and other pretrial procedures serve the purpose of more precise disclosure of the facts, thereby narrowing both the disputed facts and the issues left for trial.") If the discovery sought by Abruska does not establish a valid argument that the defendants' corporate veils should be pierced, it simply means that this argument will not be pursued at trial. It does not mean that Abruska is not entitled to the discovery in the first place.

Furthermore, the defendants' belated production and Mr. Hachler's declaration does not decide the issue, but rather raise additional issues. If Northland Vessel Leasing has no employees, Northland Vessel Leasing could be a shell company, with no true legal purpose other than the ownership of barges, whose only income comes from Northland Services. That would be a factor in favor of piercing the corporate veil. Jackson v. General Elec. Co., 514 P.2d 1170, 1173 (Alaska 1973). Mr. Hachler's affidavit also establishes that Northland Vessel Leasing and Northland Services had common ownership

---

[8] The same points made in Abruska's motion to compel were made in Abruska's letter to counsel for defendants asking for this production. (Ex. 1 to Reply.)

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 11 of 16
84997/7407.1

and officers.  See (Hachler Affidavit).  That is another factor favoring disregard of the corporate veil.  Jackson, 514 P.2d at 1173.

Depending on the other evidence produced in response to Abruska's discovery requests, additional factors supporting an argument that the defendants' corporate veils should be disregarded may be established.[9]  That is the purpose of discovery, the purpose of Abruska's discovery requests, and the reason why Abruska's motion to compel should be granted.  Mr. Hachler's "declaration" that the corporate forms were maintained by the defendants could not conclusively resolve the issue.  It certainly does not render the information sought by Abruska undiscoverable.  Were it otherwise, any party could avoid discovery simply by swearing there was no merit to the other party's failures.

### C.   THE DEFENDANTS' HAVE NOT PRODUCED ALL OF THE INFORMATION SOUGHT BY ABRUSKA

The defendants' recent production is not complete.  For example, the defendants failed to produce any information relating to Northland Services or whether corporate formalities, such as board meetings, have been met.  The defendants have also refused to produce any information relating to the underlying finances of the defendants.  All of this information was requested by Abruska and it is all relevant to whether a

---

[9] Furthermore, it is not necessary that every factor of the piercing the corporate veil test be met.  See e.g. Nerox Power Systems, Inc. v. M-B Contracting Co., Inc., 54 P.3d 791, 802 (Alaska 2002).  For example, the lack of sharing employees between Northland Vessel Leasing, Naknek Barges Lines, and Northland Services does not decide the issue, as that is simply one factor among several that must be considered.

Reply to Motion to Compel
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 12 of 16
84997/7407.1

corporation's corporate veil should be pierced. See Jackson v. General Electric Company, 514 P.2d 1170, 1173 (Alaska 1973).

In regards to the defendants' financial information, some of the factors to be considered in whether a corporate veil should be pierced include whether the corporation has grossly inadequate capitalization, whether one corporation finances the other corporation, whether the parent corporation pays the salaries and other expenses or losses of the subsidiary, and whether the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. Id. Therefore, the requested financial information is relevant and discoverable.

Another factor as to whether the corporate veil should be pierced is whether the formal legal requirements of the corporation are observed. Id. This includes whether board meetings have been held and whether other corporate formalities, such as maintaining a corporate book or record of corporate transactions have been met. Id. See e.g. Nerox Power Systems, Inc. v. M-B Contracting Co., Inc., 54 P.3d 791, 804 (Alaska 2002) (failure to maintain corporate records factor that favors piercing the corporate veil). Therefore, the requested information regarding the defendants' corporate books and other record-keeping is relevant and discoverable.

Even the information the defendants did produce is incomplete. The defendants still refuse, for example, to produce discoverable information relating to the ownership of Northland Vessel Leasing in 2003. (Ex. 4 to Opp., p. 3.) Rather, the defendants respond with the vague statement that "Northland Vessel Leasing had no

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 13 of 16
84997/7407.1

managers or stockholders involved in vessel operations or ever working aboard any of its barges or having any involvement in the subject incident." (Id.)  Abruska's discovery request was not so limited.

It is also unclear what the defense means when it refers to "vessel operations." Does that include longshoremen, or stevedoring companies such as Northland Services?  It may not, given the defendants argument that there is a distinction between entities providing what it calls "vessel operations" and entities providing stevedoring services.

Additionally, in response to Interrogatory No. 7, which asked for a listing of the shareholders and/or members of Northland Vessel Leasing in August of 2003, the defendants refer Abruska to "documents produced above," which are apparently Northland Vessel Leasing's certificate of incorporation and bylaws.  (Ex. 4 to Opp., p. 8.)  Those documents, however, do not list the shareholders and/or members of Northland Vessel Leasing in August of 2003.

The defendants do not argue that the information sought by Abruska is not relevant to whether their corporate veils should be pierced.  Aside from their procedural attacks on Abruska's motion, the defendants only argue that Abruska does not have sufficient evidence to support his argument that the corporate veils should be pierced. Abruska, however, is not required to prove his claim before he is entitled to obtain the evidence relevant to his contention.  Furthermore, the belated production of limited information does not mean that the remaining requested information is not discoverable.

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 14 of 16
84997/7407.1

Rather, it indicates that Abruska's requests were indeed proper and the remaining requests seeking additional information on the same subject should be answered.

## IV. THE DEFENDANTS IGNORE THEIR OBLIGATION TO PRODUCE ALL DISCOVERABLE INFORMATION IN THEIR POSSESSION, CUSTODY OR CONTROL

The defendants continue to refuse to produce any information relating to Northland Services. (Ex. 4 to Opp.) The defendants, however, offer no opposition to Abruska's argument that the defendants must produce all information in their possession, custody or control, which includes materials that are obtainable from a sister corporation such as Northland Services.[10] See (Motion to Compel, pp. 12-15.) The defendants have therefore conceded the point. The defendants should be compelled to produce the requested information regarding Northland Services.

## V. THE BARANOFF TRADER WAS REQUIRED TO COMPLY WITH 46 C.F.R. §92.25-5

Repeating an argument made in response to Abruska's Renewed Motion for Summary Judgment, the defendants argue that Abruska's discovery is irrelevant because the Baranoff Trader was not required to have any safety railings. (Opp., p. 11). Abruska responded to this contention in his Reply to that Opposition and incorporates by reference that response. See Reply to Renewed Motion for Summary Judgment, pp. 1-5, filed June 2, 2006. The defendants have misread the regulations. (Id.) The Baranoff Trader is not

---

[10] Indeed, the defendants were able to obtain and produce information from Northland Holdings, who is not a party to this case. (Ex. 4 to Opp., p. 5.) They are also able to obtain information from Northland Services, especially since Mr. Hachler works for both corporations. (Hachler Affidavit)

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 15 of 16
84997/7407.1

governed by 46 C.F.R. §30.02-10.  (Id.)  The Baranoff Trader has only a limited license to carry liquid fuel and therefore is not exempt from the requirements of 46 C.F.R. §92.25-5. (Id.)  In any event, this issue is irrelevant to the subject on which the discovery was sought.

## VI.     CONCLUSION

The information Abruska seeks is relevant and discoverable.  The defendants' claims of procedural defects are without merit.  The Court should grant Abruska's motion to compel.

DATED this 2nd day of June, 2006.

ATKINSON, CONWAY & GAGNON
Attorneys for Joseph Abruska

By     s/ Christopher J. Slottee
       Christopher J. Slottee
       420 L Street, Suite 500
       Anchorage, AK 99501
       Phone:  (907) 276-1700
       Fax:  (907) 272-2082
       E-mail:  cjs@acglaw.com
       ABA No. 0211055

I certify that on June 2, 2006, a copy
a copy of the foregoing was served electronically
on the following attorneys or parties of record:

Thomas G. Waller, Esq.

By     s/ Christopher J. Slottee
       Christopher J. Slottee

Reply to Motion to Compel
*Abruska v. Northland, Case No. 3:04-cv-209 (TMB)*
Page 16 of 16
84997/7407.1