BRUCE E. GAGNON
ROBERT J. DICKSON
W. MICHAEL MOODY
PATRICK B. GILMORE
RICHARD E. VOLLERTSEN
NEIL T. O'DONNELL
JEROME H. JUDAY
DANIEL F. FITZGERALD
CHRISTOPHER J. SLOTTEE

LAW OFFICES OF
**ATKINSON, CONWAY & GAGNON, INC.**
A PROFESSIONAL CORPORATION
420 L STREET
SUITE 500
ANCHORAGE, ALASKA 99501

TELEPHONE:
(907) 276-1700

TELECOPIER/FACSIMILE
(907) 272-2082

OF COUNSEL
JOHN M. CONWAY
KENNETH R. ATKINSON

April 3, 2006

Thomas G. Waller
Bauer Moynihan & Johnson LLP
2101 Fourth Avenue, Suite 2400
Seattle, WA 98121

Re: Abruska/Northland Services

Dear Tom:

      In August of 2005, I served on you several discovery requests that sought information relating to the corporate relationship between Northland Vessel Leasing, Northland Services, Northland Holdings, and Naknek Barge Lines. You objected to most of the discovery requests. I did not immediately pursue the matter because, at the time, other matters in the case were proceeding. The deadline for filing discovery motions is approaching, however, and so I must return to this issue.

      The discovery I seek is necessary because of the various layers of corporate forms and bureaucracy that I must crack in order to determine who knew what about the Baranoff Trader and when. I will summarize the problems.

      Northland Vessel Leasing is the owner of the Baranoff Trader. Consequently, under the LHWCA, it can be held liable for Joseph's injuries if it knew of the danger posed by the loose wire. See, e.g., Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 166-67 (1981). Similarly, Naknek Barge Lines is the owner *pro hac vice* of the Baranoff Trader. Consequently, it too can be held responsible for Joseph's injuries if it, inter alia, knew of the danger posed by the loose wire. Id.

      The problem is that, based on your discovery responses to date, Northland Vessel Leasing and Naknek Barge Lines claim that they do not have any knowledge or information regarding the Baranoff Trader. They do not know where the Baranoff Trader is, where it has been, its repair status, who is working on it, or basically anything connected with the barge. This is in contrast with Northland Services, who was able to produce documents pinpointing where the Baranoff Trader was during August 2003 and who was working on the Baranoff Trader.

Exhibit 1
Page 1 of 3 Pages

Thomas G. Waller
April 3, 2006
Page 2

   Thus, one of the problems I will face at trial is that Northland Vessel Leasing and Naknek Barge Lines are going to claim that they had no knowledge whatsoever as to the status of the Baranoff Trader or whether there were any hazards on the Baranoff Trader. I can refute that in several ways. One way is to establish that there is no effective distinction between Northland Vessel Leasing, Naknek Barge Lines and Northland Services, i.e., to pierce their corporate veil. See, e.g., Nerox Power Systems v. M-B Contracting Co., Inc., 54 P.3d 791, 801-02 (Alaska 2002). For example, piercing Northland Vessel Leasing's corporate veil would allow me to establish that there is no effective difference between Northland Vessel Leasing, Northland Services, and Northland Holdings and that notice to Northland Services is the same as notice to Northland Vessel Leasing. The Alaska Supreme Court has enunciated several factors that are relevant to piercing the corporate veil. See, e.g., Jackson v. General Electric Co., 514 P.2d 1170, 1172-73 (Alaska 1973) (listing eleven different factors to be considered in determining whether to pierce the corporate veil). The discovery requests I have propounded are aimed at attempting to determine if those factors can be met in this case. For example, I seek to determine if Northland Vessel Leasing and Northland Services share equipment, employees, or offices. I already have some information in support of a piercing claim, such as the fact that individuals employed by Northland Holdings use Northland Services e-mail addresses. Therefore, the information I seek is relevant and discoverable.

   A second way to establish that Northland Services' knowledge can be imputed to Northland Vessel Leasing and Naknek Barges Lines is by establishing that the same individuals work for, manage, and/or own Northland Vessel Leasing, Naknek Barge Lines, and Northland Services. All three companies are limited liability companies. Notice to managers, owners, or employees of an LLC is notice to the company itself. See, e.g., AS 10.50.260 (charging LLC with notice of information received by member or manager); RCW 25.15.150 (managers and members are agents of LLC depending on certificate of formation). Furthermore, a company is charged with the knowledge of its employees. See, e.g., Bendix Corp. v. Adams, 610 P.2d 24, 28 (Alaska 1980) (corporation may be charged with notice given to agent); Plywood Marketing Associates v. Astoria Plywood Corp., 558 P.2d 283, 290 (Wash. App. Ct. 1976) ("Generally a corporate principal is chargeable with notice of facts known to its agent...") Consequently, if I can establish, for example, that someone employed by both Northland Services and Northland Vessel Leasing had notice of the loose wire on the Baranoff Trader, I can establish that Northland Vessel Leasing had notice of the hazard. Thus, I have good cause for conducting discovery into both the relationship between Northland Vessel Leasing, Northland Services, Northland Holdings, and Naknek Barge Lines, and who was employed by those corporations.

   The recent expert report of Leo Naekel also establishes the relevance of this information. Mr. Naekel offers his opinion that the stevedoring company is responsible for the safety and maintenance of barges, not the owner of the vessel. Mr. Naekel's opinion assumes that Northland Services, Northland Vessel Leasing, and Naknek Barge Lines are in fact separate



Exhibit 1
Page 2 of 3 Pages

Thomas G. Waller
April 3, 2006
Page 3

entities. Consequently, if I can establish that those entities are different in name only and that, under the law, they should be treated as the same entity, Mr. Naekel's attempt to shift responsibility to the stevedoring company would be ineffective.

It is true that the discovery requests may be beyond a normal § 905(b) action. They are necessary, however, because it appears that Northland Vessel Leasing and Naknek Barge Lines will use their corporate status to disclaim any knowledge or responsibility for the Baranoff Trader. Now, if Northland Vessel Leasing and Naknek Barges Lines were to stipulate that notice to Northland Services constitutes notice to them, this discovery would in large part be unnecessary. Failing that, I need this information to adequately prepare my case.

I did notice that you objected to several discovery requests by claiming that the information sought may contain confidential information. If there are any concerns about confidential information, I will agree to a reasonable confidentiality agreement to ensure that sensitive information is not disclosed to the public.

This letter is an attempt to resolve our discovery dispute without involving the court. See F.R.C.P. 37(a)(2)(A). Please let me know by April 14, 2006, if you will produce the requested information.

Very truly yours,

ATKINSON, CONWAY & GAGNON

By _____
Christopher J. Slottee

CJS/blv
80949/7407.1

Exhibit 1
Page 3 of 3 Pages