NEIL T. O'DONNELL
CHRISTOPHER J. SLOTTEE
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Joseph Abruska
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
Phone: (907) 276-1700
Fax: (907) 272-2082
nto@acglaw.com
cjs@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOSEPH ABRUSKA, | ) | Case No. 3:04-cv-209-TMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHLAND VESSEL LEASING COMPANY, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>AFFIDAVIT OF CHRISTOPHER J. SLOTTEE</u>**

| | |
|---|---|
| STATE OF ALASKA | ) |
| | ) ss |
| THIRD JUDICIAL DISTRICT | ) |

   Christopher J. Slottee, being first duly sworn upon his oath, deposes and says:

I am counsel for Plaintiff Joseph Abruska in the above-entitled action. I make this affidavit in support of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel. I speak from personal knowledge and am competent to testify.

1. In late October/early November of 2005, counsel for the defendants, Tom Waller, contacted me and stated that his clients were willing to consider a settlement offer.

2. At that time, Joseph Abruska was scheduled to have surgery to remove the rod and pins from his leg in November of 2005. That surgery was eventually rescheduled for January of 2006. Joseph and I decided that any settlement offer should wait until after the outcome of that surgery was known.

3. After Joseph had his surgery and had been given sufficient time to insure there had been no complications, I sent a letter to Mr. Waller on February 21, 2006, conveying Joseph's settlement offer. In that letter, I informed Mr. Waller that if settlement negotiations were not successful, the issue of the August 30, 2005, discovery requests would have to be addressed. The letter explained why the information requested was relevant, including the fact that they could establish that there is no effective distinction between Northland Vessel Leasing and Northland Services, i.e., to pierce Northland Vessel Leasing's corporate veil, such that Northland Services' notice of the dangerous condition on the Baranoff Trader could be imputed to Northland Vessel Leasing.

4. The defendants did not respond to the February 21, 2006 letter in any way.

5. After the defendants' produced the expert report for Leo Naekel on March 21, 2006, I renewed my request for the information sought in the August 30, 2005 discovery requests. On April 3, 2006, I wrote to Mr. Waller and explained why the information was relevant and discoverable and asked the defendants to produce the requested information. Attached as Exhibit 1 to this Reply is a true and correct copy of that letter.

6. Plaintiff's Motion to Compel was not filed in response to the defendants' Joint Motion for Summary Judgment. Plaintiff's Motion to Compel was also not an effort to delay any ruling on the summary judgment motions filed by both parties.

DATED this 2nd day of June, 2006.

Christopher J. Slottee

SUBSCRIBED AND SWORN TO before me this 2nd day of June, 2006.

Notary Public in and for Alaska
My Commission Expires: 3-13-07

I certify that on June 2, 2006, a copy
a copy of the foregoing was served electronically
on the following attorneys or parties of record:

Thomas G. Waller, Esq.

By   s/ Christopher J. Slottee
     Christopher J. Slottee

Affidavit of Christopher J. Slottee
*Abruska v. Northland*, Case No. 3:04-cv-209 (TMB)
Page 3 of 3
84994/7407.1