UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH ABRUSKA,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHLAND VESSEL LEASING CO., LLC; NAKNEK BARGE, LLC, and NORTHLAND SERVICES, INC.<br><br>Defendants. | No. 3:04-CV-00209-TMB<br><br>ORDER<br>[Re: Motion at Docket No. 33] |

## I. MOTION PRESENTED

At Docket No. 33 Plaintiff Joseph Abruska ("Abruska") has renewed his motion for partial summary judgment. Defendants Northland Vessel Leasing Co., LLC, Naknek Barge, LLC, and Northland Services, Inc. (collectively "Northland") have filed an opposition to the motion,[1] to which Abruska has replied.[2] Neither party has requested oral argument and the court, having reviewed the moving papers and opposition, has determined that oral argument would not be helpful in determining the motion at bar.

## II. BACKGROUND

The background and facts of this case are well known to the parties and will not be repeated here except as necessary to understand the ruling of the court. In January 2005 Abruska filed a motion for partial summary judgment seeking a determination that the barge upon which he was injured, the *Baranof Trader*, was deficient in that it only had two courses of railings rather than the three required by 46 C.F.R. § 92.25-5.[3] The

---

[1] Docket No. 48.

[2] Docket No. 53.

[3] Docket No. 8.

Court denied this motion.[4/] The motion at bar seeks to renew the earlier (January 2005) motion requesting the same relief, *i.e.*, that the court enter a finding that the *Baranof Trader* was in violation of 46 C.F.R. § 92.25-5 promulgated by the U.S. Coast Guard.

In support of his renewed motion, Abruska refers to the deposition testimony of William "Bill" Emory, the Bristol Bay and Dutch Harbor Operations Manager for Northland Services, Inc. Specifically, Abruska refers to the testimony that (1) there was nothing to prevent welding another eyelet on the stanchions for a third wire;[5/] (2) there was no physical reason precluding installation of a third wire;[6/] and (3) a third wire would not interfere with loading or unloading operations.[7/]

### III. ISSUES PRESENTED

The motion presents two procedural issues that Abruska must clear: (1) whether, assuming the Court agrees with Abruska that the *Baranof Trader* violated 46 C.F.R. § 92.25-5, what "judgment" the may court enter; and (2) application of the law of the case doctrine.

Summary judgment addresses an entire claim, counterclaim, cross-claim, or affirmative defense.[8/] Summary judgment may, however, be entered on the issue of liability alone.[9/] Adjudication of a particular fact, in the context of Rule 56, is addressed by subdivision (d).[10/] However, by its very language, Rule 56(d) permits the court to find

---

[4/] Docket No. 11.

[5/] Docket No. 33, Exh. 8, p. 9 (deposition page 107:8–12).

[6/] Docket No. 33, Exh. 8, p. 9 (deposition page 107:18–25).

[7/] Docket No. 33, Exh. 8, p. 10 (deposition page 110:7–13).

[8/] *See* FED R. CIV. P. 56(a) (motion brought by the party seeking to recover on a claim) and (b) (motion brought by the party defending against the claim).

[9/] FED. R. CIV. P. 56(c).

[10/] Fed. R. Civ. P. 56(d) provides:
**Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable

(continued...)

particular facts uncontroverted in connection with a motion brought under Rule 56 only where "judgment is not rendered upon whole case or for all the relief asked." The procedure in subdivision (d) is designed to be ancillary to a motion for summary judgment; it does not authorize the entry of judgment on part of a claim or the granting of partial relief.[11/] In short, Rule 56(d) neither creates nor authorizes a stand-alone motion.

Second, because Abruska is renewing his motion for summary judgment, he butts against the law of the case doctrine. Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[12/] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[13/] That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[14/]

## IV. DISCUSSION

First, although denominated a motion for partial summary judgment Abruska's motion address only a particular fact. *i.e.*, that the two-wire railing configuration on the

---

[10/](...continued)
ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

[11/] *See generally* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. & PROC. CIV., § 2737 (3d ed.).

[12/] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.1993).

[13/] *City of Los Angeles, Harbor Division v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001)

[14/] *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995).

ORDER [Re: Motion at Docket 33]
*Abruska v. Northland Vessel Leasing Co., LLC ,et al*
Case No. 3:04-cv-00209-TMB                3

*Baranof Trader* violated 46 C.F.R. § 92.25-5. The motion does not seek entry of judgment on either the complaint as a whole or even a single claim or cause of action. The Court is not even asked to, nor could it, enter judgment for Abruska on the issue of liability. This is not a proper motion under Rule 56; there is no judgment that this court could enter and Rule 56(d) does not apply or authorize granting the relief requested.

Even if the court were to overlook that basic procedural bar, the law of the case doctrine mandates denial of the renewed motion. To succeed, Abruska must show that (1) the evidence is newly discovered or was unknown to him until after the prior motion was submitted for decision *and* (2) that with reasonable diligence such evidence could not be discovered and produced prior to its submission.[15] The newly discovered evidence must also be of sufficient probative value to change the disposition of the prior motion.[16]

The Court has difficulty in finding that Abruska's renewed motion satisfies the newly discovered evidence test. Unlike a non-moving party, a moving party controls when during the course of the discovery phase that a motion for summary judgment may be brought. The complaint initiating this action was filed in mid-September 2004. Abruska filed his first summary judgment motion at the end of January 2005, approximately four and half months later, just a month and a half after the Scheduling and Planning Order was entered, and approximately two weeks after initial disclosures under Fed. R. Civ. P. 26(a) were due. Nothing compelled the filing of the motion at that time and Abruska could have delayed pending further research into the efficacy of his motion and the factual basis that underlies it. Thus, the court can not say that he could not have discovered it through due diligence prior to submission of the initial motion for summary judgment for decision.

More importantly, the evidence is not of sufficient probative value to alter the prior decision. As Northland correctly points out, Abruska focuses upon a single aspect

---

[15] *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir.2003); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir.1987)

[16] *Id.*

ORDER [Re: Motion at Docket 33]
*Abruska v. Northland Vessel Leasing Co., LLC, et al*
Case No. 3:04-cv-00209-TMB                         4

of the application of 46 C.F.R. § 92.25-5—whether installation of a third wire railing was practicable and reasonable. Taken in isolation the referenced Emory testimony might support a finding that installation of the third wire railing was both practicable and reasonable.[17] But even accepting that it does, it does not go to the core of the prior order—under the Marine Safety Manual's interpretation, § 92.25-5 does not apply to the *Baranof Trader*.

Upon closer examination of the regulations in question, the Court concludes that, even absent the interpretation in the Marine Safety Manual, 46 C.F.R. § 92.25-5 does not apply to the *Baranof Trader*. Section 92.25-5 is part of Subchapter I (Cargo and Miscellaneous Vessels). Section 90.05, Table 90.05-1(a) provides in relevant part that *all* seagoing, non-self-propelled barges, whether < or ≥100 gross tons, that carry combustible or flammable liquid in bulk are not governed by Subchapter I, but by Subchapter D (Tank Vessels).[18] Section 32.02-10(a), contained in Subchapter D, which is applicable, excludes unmanned tank barges from the guard rail requirement.[19] It is undisputed that the *Baranof Trader* carries 100,000 gallons of combustible or flammable material in bulk and, therefore, falls with the class of vessels governed by § 32.02-10. As was noted in the prior order, the Marine Safety Manual ("MSM"), § 5.C.1.a states: "The rail and guard requirements of 46 C.F.R. 92.25 do not apply to unmanned deck cargo barges for ocean service. Like unmanned tank barges under 46 C.F.R. 32.01-10(a),[20] these vessels are exempt from the rail and guard requirements." Even if the

---

[17] Emory also testified that the presence of a third wire railing would interfere with tying the barge up. Docket No. 33, Exh. 8, p. 10 (deposition page 110:14–111:13). However, since the testimony appears to refer to a diagram that is not before the Court, it is difficult to determine whether this testimony is or is not relevant to the issue in this case.

[18] Subchapter D, 46 C.F.R. § 30.01-5 contains an identical provision making those vessels subject to Subchapter D.

[19] 46 C.F.R. 32.02-10(a) provides in relevant part (emphasis added):
(a) All tank vessels, *except unmanned tank barges*, contracted for on or after July 1, 1969, shall have efficient guard rails or bulwarks on decks and bridges.

[20] As noted in the prior Order at Docket 11, this appears to be a misprint as the
(continued...)

court assumes that the *Baranof Trader* is a "freight barge" not a "tank barge," one can hardly say that it was unreasonable or inconsistent with the regulation for the Coast Guard to apply the same rule to all unmanned barges covered by Subchapter D.

Even if Subchapter I were applicable to the *Baranof Trader* would not necessarily support Abruska. As an interpretation of the regulations, the MSM is not entitled to *Chevron*-type[21] deference.[22] When reviewing the interpretation of agency regulations, courts must give substantial deference to an agency's interpretation of its own regulations.[23] This Court "must defer to the Secretary's interpretation unless an alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation."[24]

Applying these principles to the MSM, the Court found in its prior order that "because the MSM does not conflict with § 92.25-5, it is hard to say that Defendants have violated the regulation."[25] Nothing in Abruska's renewed motion addresses that ultimate conclusion. Instead, Abruska focuses on a single sentence: "What Abruska has failed to show is that installation of a third rail was reasonable or practicable in light

---

[20](...continued)
referenced regulation is actually 46 C.F.R. § 32.02-10.

[21] *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–844 (1994).

[22] *Christensen v. Harris County*, 529 U.S. 576, 587 (2000); *Cmty. Hosp. of Monterey Peninsula v. Thompson*, 323 F.3d 782, 791 (9th Cir.2003).

[23] *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (citations omitted).

[24] *Id.* (internal quotation marks and citation omitted); *see also Auer v. Robbins*, 519 U.S. 452, 461 (1997) (an agency's interpretation of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulation") (citations and internal quotation marks omitted); *Wards Cove Packing Co. v. NMFS*, 307 F.3d 1214, 1218 (9th Cir. 2002) ("An agency's interpretation of regulations it is charged with administering is entitled to a high degree of deference and will be upheld as long as it is not plainly erroneous or inconsistent with the regulation.") (citations omitted).

[25] Docket 11, p. 8.

of the BARANOFF [sic] TRADER's use and design."[26] Unfortunately, that quote is taken out of context and misconstrues the thrust of the Court's holding, which Abruska has not addressed. The issue was, and remains, "whether the MSM expresses the Coast Guard's conclusion that three rails at the prescribed height is unreasonable and impracticable as applied to unmanned barges."[27] In its prior order the Court held that it did. Abruska has not introduced any evidence that the Coast Guard did not so conclude or that this interpretation is either unreasonable or contrary to the regulation. Whether or not William "Bill" Emory thought that including a third rail was not "unreasonable or impracticable" is irrelevant to the validity of the Coast Guard's interpretation of its own regulation.

## V. CONCLUSION

Based on the foregoing, Plaintiff Joseph Abruska's Renewed Motion for Partial Summary Judgment at Docket 33 is DENIED.

Dated:   August 17, 2006

s/ Timothy M. Burgess<br>
TIMOTHY M. BURGESS<br>
United States District Judge

---

[26] *Id.*

[27] Docket 11, p. 6.

ORDER [Re: Motion at Docket 33]
*Abruska v. Northland Vessel Leasing Co., LLC, et al*
Case No. 3:04-cv-00209-TMB             7