NEIL T. O'DONNELL
CHRISTOPHER J. SLOTTEE
ATKINSON, CONWAY & GAGNON
Attorneys for Plaintiff Joseph Abruska
420 L Street, Suite 500
Anchorage, Alaska 99501-1989
Phone: (907) 276-1700
Fax: (907) 272-2082
nto@acglaw.com
cjs@acglaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH ABRUSKA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTHLAND VESSEL LEASING )<br>COMPANY, LLC, NAKNEK BARGE, )<br>LLC, AND NORTHLAND SERVICES, )<br>INC., )<br>)<br>Defendants. )<br>_____ ) | **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COST BILL**<br><br><br><br><br><br>Case No. 3:04-cv-209-TMB |

Pursuant to D. Ak. Lr. 54.1(c)(1), Plaintiff Joseph Abruska objects to the Defendants' Cost Bill. The Defendants seek recovery of $2,010.37 for "Attendance, travel and subsistence fees" of Leo Naekel ($510.37) and Dr. John Swanson ($1500), two experts retained by the Defendants.[1] According to the invoices submitted by the Defendants,

---

[1] Mr. Naekel was the Defendants' liability expert. (Ex. 1, p. 2-3). Dr. Swanson was a medical expert. (Ex. 2, pp. 2-3). The Defendants describe Mr. Naekel as their "liability

virtually all of these costs are the expert witnesses' professional fees.[2]  Expert witness fees are not recoverable as costs.

First, D.Ak. Lr. 54.1 provides that "[f]ees of expert witnesses are not taxable in an amount greater than statutorily allowable for ordinary witnesses, except compensation for a court-appointed expert paid by the parties as ordered and directed by the court as a taxable cost."  D.Ak. Lr. 54.1(e)(4)[C](ii).[3]  The Defendants already seek recovery of $90 for the statutory witness fees for Mr. Naekel and Dr. Swanson ($45 a person).  See Docket 75, p. 2.  While the defendants' request for $45 per witness is incorrect as the statutory witness fee is $40 per witness, Plaintiff does not object to the defendants' recovering $80 in statutory witness fees.  See 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of **$40 per day** for each day's attendance.") (emphasis added).  Under the local rules, however, the Defendants cannot recover the professional fees paid to their expert witnesses as costs.  D.Ak. Lr. 54.1(e)(4)[C](ii).

Second, the statute cited by the defendants as support for their recovery of expert witness fees, 28 U.S.C. § 1821(c)(1), only permits the recovery of travel expenses

---

expert" and Dr. Swanson as a "medical expert."  (Defendants' Notice of Hearing Re: Taxation of Costs, p. 2).

[2] According to the invoice for Mr. Naekel, $470 of his $510.37 in fees was for time spent traveling and meeting with counsel for the Defendants and for attending his deposition.  (Ex. 1 to Defendants' Cost Bill, p. 15.)  $ $30.37 was for mileage and parking.  Id.  Dr. Swanson's invoice reflects that all of his fees were for time spent meeting with counsel for the Defendants, preparing for his deposition, and attending his deposition.  Id. at p. 16.

[3] There is a mistake in the local rules that are available on the Court's website.  D.Ak. Lr. 54.1(e)(4) contains two subsections with a [C] heading.  The above quote is from the second [C] heading, which is located after subsection [D].

Plaintiff's Objections to Defendants' Cost Bill
*Abruska v. Northland, et al., Case No. 3:04-cv-209 TMB*
Page 2 of 4
87144/7407.1

incurred by a witness.[4] It does not permit recovery of expert witness fees. Id. In fact, the United States Supreme Court has conclusively held that a party may not recover expert witness fees as a cost under 28 U.S.C. § 1821:

> We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses. . . . We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30-per-day [now $40 per day] limit set out in § 1821(b) only when the witness is court-appointed.

Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987). The Ninth Circuit recognizes this rule. See Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir. 1988) ("Interpreting 28 U.S.C. § 1920 as defining allowable costs for purposes of Fed.R.Civ.P. 54(d), Crawford limited the fees paid to a party's expert witnesses to the $30 per day set out in 28 U.S.C. § 1821."); Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002) ("Absent 'express statutory authority' for shifting expert witness fees, reimbursement for such fees is limited by §§ 1821(b) and 1920(3).")

The Defendants have no right to recover as costs the professional fees paid to any expert in excess of the statutory $40 a day rate. Therefore, Plaintiff objects to that

---

[4] 28 U.S.C. 1821(c)(1) states:
> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

Plaintiff's Objections to Defendants' Cost Bill
*Abruska v. Northland, et al., Case No. 3:04-cv-209 TMB*
Page 3 of 4
87144/7407.1

portion of the Defendants' Cost Bill seeking $2010.37 in fees paid to Mr. Naekel and Dr. Swanson. Plaintiff does not object to the defendants recovering the statutory witness rate of $40 per day for Mr. Naekel and Dr. Swanson.

DATED this 20th day of October, 2006.

ATKINSON, CONWAY & GAGNON
Attorneys for Joseph Abruska

By    s/ Christopher J. Slottee
    Christopher J. Slottee
    420 L Street, Suite 500
    Anchorage, AK 99501
    Phone: (907) 276-1700
    Fax: (907) 272-2082
    E-mail: cjs@acglaw.com
    ABA No. 0211055

I certify that on October 20, 2006, a copy
a copy of the foregoing was served electronically
on the following attorneys or parties of record:

Thomas G. Waller, Esq.

By    s/ Christopher J. Slottee
    Christopher J. Slottee

Plaintiff's Objections to Defendants' Cost Bill
*Abruska v. Northland, et al., Case No. 3:04-cv-209 TMB*
Page 4 of 4
87144/7407.1