NEIL T. O'DONNELL
ATKINSON, CONWAY & GAGNON
Attorney for Joseph Abruska
420 L Street, Suite 500
Anchorage, AK 99501
Tele:  (907) 276-1700
Fax:   (907) 272-2082
nto@acglaw.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSEPH ABRUSKA,<br><br>                    Plaintiff<br>            vs<br><br>NORTHLAND VESSEL LEASING COMPANY, LLC, NAKNEK BARGE, LLC, AND NORTHLAND SERVICES, INC.,<br><br>                    Defendants | Case No. 3:04-cv-209-TMB<br><br>SUPPLEMENTAL SCHEDULING AND PLANNING CONFERENCE REPORT |

1.     **Meeting**. In accordance with Fed. R. Civ. P. 26(f), meetings were held on March 27, 2008, April 2, 2008, and April, 23, 2008, and were attended by:

    Neil T. O'Donnell        attorney for plaintiff

    Thomas G. Waller        attorney for defendants

The parties recommend the following:

2.     **Pre-Discovery Disclosures**.  The information required by FED. R. CIV. P. 26(a)(1):

    X    have been exchanged by the parties

         will be exchanged by the parties by _____

    Proposed changes to disclosure requirements:

Preliminary witness lists

    X    have been exchanged by the parties _____

    _____ will be exchanged by the parties by _____

3. **Contested Issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

    Causation and damages.

4. **Discovery Plan**. The parties jointly propose to the court the following discovery plan.

    A. Discovery will be needed on the following issues:

        Non-cumulative damage issues.

    B. Disclosure or discovery of electronically stored information should be handled as follows:

        No Special procedures required.

    C. The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production as follows:

        Such privileges or protections will not be waived by production.

    D. All discovery commenced in time to be completed by September 28, 2008.

    E.  Limitations on Discovery.

        1.  Interrogatories

           X  No change from Fed .R. Civ. P. 33(a)

           Maximum of _____ by each party to any other party.

           Responses due in _____ days.

        2.  Requests for Admissions.

           X  No change from Fed. R. Civ. P. 36(a).

           Maximum of _____ requests.

           Responses due in _____ days.

        3.  Depositions.

           X  No change from Fed. R. Civ. P. 36(a), (d).

           Maximum of _____ depositions by each party.

           Depositions not to exceed _____ hours unless agreed to by all parties.

    F.    Reports from retained experts.

        X  Not later than 30 days before the close of discovery.

        Reports due:

       From plaintiff                       From defendant

G.    Supplementation of disclosures and discovery responses are to be made:

    **X**   Periodically at 60-day intervals from the entry of scheduling and planning order.

    _____ As new information is acquired, but not later than 60 days before the close of discovery.

H.    A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

    **X**   30 days prior to the close of discovery.

    _____ Not later than

5. **Pretrial Motions**.

    **X**   No change from D.Ak. LR 16.1(c).

    The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

    _____ Motions to amend pleadings or add parties to be filed not later than .

    _____ Motions under the discovery rules must be filed not later than .

Motions in limine and dispositive motions must be filed not later than ____ .

6. **Other Provisions**:

    A. <u> X </u> The parties do not request a conference with the court before the entry of the scheduling order. (The court already held a status conference on April 17, 2008.)

        <u>   </u> The parties request a scheduling conference with the court on the following issue(s):

    B.     Alternative Dispute Resolution. [D.Ak. LR 16.2]

**See note\*** <u>   </u> This matter is not considered a candidate for court-annexed alternative dispute resolution.

        \*Plaintiff requests court-annexed alternative dispute resolution. Defendants do not agree to court-annexed alternative dispute resolution at this time.

        <u>   </u> The parties will file a request for alternative dispute resolution not later than ____ .

        <u>   </u> Mediation      <u>   </u> Early Neutral Evaluation

    C.     The parties <u>   </u> do <u> X </u> not consent to trial before a magistrate judge.

    D.     Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1

        X  All parties have complied       Compliance not required by any party
          (Defendants will supplement.)

7. **Trial**.

    A.    The matter will be ready for trial:

**See note\***       X  45 days after the discovery close date.

          \*The Court stated at the April 17, 2008, status conference that, because of the age of this case, it was willing to set a fixed trial date prior to completion of discovery. This is a judge-tried case and is expected to take four days to try. Both counsel are available the week of December 8, 2008, and would like to set the case for trial at that time. If the court is not available that week, counsel will confer and identify other alternative dates.

          not later than .

    B.    This matter is expected to take   4   days to try.

    C.    Jury Demanded     Yes    X  No

          Right to jury trial disputed?     Yes    X  No

Dated:   May 1, 2008

                                      s/Neil T. O'Donnell
                            ATKINSON, CONWAY & GAGNON
                            Attorneys for Plaintiff

                                                          s/Thomas Waller

                                                   BAUER MOYNIHAN & JOHNSON LLP

                                                   Attorneys for Defendants

I certify that on May 1, 2008, a copy
a copy of the foregoing was served electronically
on the following attorneys or parties of record:

Thomas G. Waller, Esq.

By         s/Neil T. O'Donnell